**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Pete Ignacio ANTONIO,
Defendant-Appellant.**

**No. 81–1800.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 11, 1982.

Decided May 16, 1983.

David J. Leonardo, Tucson, Ariz., for plaintiff-appellee.

B. Velasco, Tucson, Ariz., for defendant-appellant.

Before KENNEDY, POOLE and REINHARDT, Circuit Judges.

POOLE, Circuit Judge:

Appellant Pete Ignacio Antonio appeals his conviction and sentence based on an indictment charging involuntary man-

slaughter in violation of 18 U.S.C. §§ 1112 and 1153. The sole issue on this appeal is the propriety of the district court's denial of appellant's motion to dismiss the complaint for delay in return of the indictment as provided in the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* That issue necessarily involves consideration of certain mandatory provisions of the Act and the effect of non-compliance therewith.

For the reasons set forth below, we vacate the judgment and sentence, and remand to the district court to allow it to reconsider Antonio's pre-trial motion.

THE FACTS

On June 22, 1981, a criminal complaint was filed before the United States Magistrate in Tucson, Arizona, charging Antonio with involuntary manslaughter in violation of 18 U.S.C. §§ 1112 and 1153. Antonio was arrested on June 23, 1981, and appeared before the United States Magistrate that same day. Bail was set but not posted, and Antonio was held in custody pending trial.

On July 28, 1981, thirty-five days after his arrest, Antonio filed a motion to dismiss the criminal complaint. He argued that because the indictment was not obtained within thirty days after his arrest as required by 18 U.S.C. § 3161(b), the charge contained in the complaint should be dismissed, either with or without prejudice, pursuant to 18 U.S.C. § 3162(a)(1). A few hours after the motion was filed the grand jury returned an indictment against him.

On August 16, 1981, Antonio's motion to dismiss was heard and denied. A superseding indictment was filed on November 17, 1981. Antonio made a second motion to dismiss which was also denied. He was tried before a jury and convicted on November 24, 1981.

DISCUSSION

Congress enacted the Speedy Trial Act of 1974 to facilitate the disposition of criminal proceedings and to minimize delays between arrest and trial. The Act prescribes time periods within which various stages of prosecution are required to be completed according to specific schedules. Sanctions are imposed for failure to comply with those temporal limits. The time limits themselves were phased in over a 4 year period and became mandatory on July 1, 1980. Thereafter the time sanctions become fully enforceable. 18 U.S.C. § 3163(c). An important part of the scheme is a requirement that the period between the date of arrest (or of service with summons) and the return of an indictment or filing of an information cannot exceed 30 days. 18 U.S.C. § 3161(b). After that first stage, the Act prescribes definite maximum periods [with, however, a number of "exclusions" which may operate to extend the time] which may elapse between the return of an indictment or filing of an information and the commencement of trial. 18 U.S.C. § 3161(c) and (h). The whole scheme is intended to make speedy trial a reality and is an integral part of Congress' larger purpose to implement the Sixth Amendment. Our concern here is with the interval between arrest and indictment and how the court should proceed when such time limit has been exceeded.

The statutory intent to prescribe and require enforcement of strict time constraints is clear. Section 3161(b) directs indictments be returned within 30 days after a defendant has been arrested. It reads (with exceptions not applicable here):

(b) Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested * * * in connection with such charges. * * *

A specific sanction is provided under § 3162(a)(1) where the government fails to obtain its indictment within that time:

(a)(1) If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit [in this case 30 days], such charge against that individual contained in such complaint shall be dismissed or otherwise dropped. In determining whether to dismiss the case with or with-

out prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

Antonio argued here and in the district court that since the indictment had not been returned within 30 days of his arrest, the language of § 3162(a)(1) gave the trial judge no option except to dismiss the charge which had been in the complaint and later in the indictment. The government, on the other hand, contended that dismissal of the complaint, the only sanction provided, would have been a nullity because by the time defendant's motion was heard, an indictment had been returned; that dismissal of the complaint would not "nullify" the indictment; and that even should the charge be dismissed, it could be refiled. The court agreed. We think the government's argument and the court's ruling are incompatible with the Act's requirement that the court dismiss the complaint and weigh the question whether dismissal is to be with or without prejudice.

Section 3162(a)(1) must be read in connection with section 3162(b) to mean that a 30 day period commences to run as to any charge on which that arrest was based.[1]

Section 3162(a)(1) states in simple and unequivocal language that if the indictment has not been returned within 30 days of the arrest, "*such charge* against that individual contained in such complaint *shall* be dismissed or otherwise dropped." The words of the section are held to their plain meaning. That section is an important part of a comprehensive enactment intended to promote the actuality and not merely the illusion of speedy trial. Its sponsors were aware of the problems inherent in enforcement of the Sixth Amendment's guarantee of "the right to a speedy and public trial,"

with which problems the Supreme Court had then recently wrestled in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The legislators understood that charging and trial delays could, alternatively, benefit or prejudice the defendant or prosecution. An underlying assumption of the Act was that in the long run public justice is eroded by untoward delay between the identification of wrongdoers and the commencement of court proceedings. H.R.Rep. 1508, 93rd Cong., 2nd Sess. 16, *reprinted in* 1974 U.S.Code Cong. & Ad.News 7401, 7409. Justice is furthered by promptness in the resolution of the event.

Whatever debate might still be open as to the wisdom or peril of imposing rigid time requirements, Congress seems carefully to have determined that a comprehensive plan for facilitating shorter pre-trial delays would promote the interests of the public, the individual, and the ends of justice. To accomplish these aims, sanctions were provided in § 3162. The triggering of the sanctions is unambiguous: the Act states that if the indictment is not found within 30 days, the charge contained in the complaint, the pleading by which the defendant was initially brought to the court, *shall* be dismissed. Whether that dismissal shall be with or without prejudice (that is, whether it can or cannot be brought again) is committed to the judge's discretion in light of the several factors set forth in the second sentence of § 3162(a)(1). The consideration and application of these factors lie at the heart of the Act for they synthesize the several varied and often competing interests of the individual, the public and the administration of justice which enter into the concept of speedy trial.

In this case, the district judge denied appellant's motion to dismiss. He recognized, of course, that dismissal of the complaint was mandatory but he thought the

---

1. The 30 day period would not run if the defendant were to be released without charge and without other continuing restraint. *See, United States v. Candelaria,* 704 F.2d 1129, 1983. We treat the statutory time limits as incorporating such exceptions. We need not now address the issue whether release without charge might under some circumstances implicate Speedy Trial Act restrictions.

sole purpose of § 3162 was to avoid keeping a defendant in lengthy custody without indictment. He said:

And it seems to me that the purpose behind the Act at that stage of the game is just to keep them out of jail, to keep the people from being incarcerated for the extraordinary long time.

So I'm going to dismiss the motion. I'm going to do it on the grounds that I think that that portion of the Speedy Trial Act really deals with incarceration more than the ability to indict.

Apparently the court believed that § 3162 was primarily concerned with excessive pre-indictment delays and that the sanction merely required dismissal of the complaint and the release of the defendant from its hold. In such cases, it had previously been understood that the government could still re-arrest and reindict or, at least, could obtain an indictment and re-arrest the defendant on the accompanying bench warrant. Dismissal, therefore, would, in the court's view, be meaningless. And since the indictment here had already been returned, it would accomplish nothing to release the defendant, only to have him reindicted, and returned to the court to repeat the original procedure.

The transcript gives no indication that the court considered that part of § 3162 which requires "determining whether to dismiss the case with or without prejudice." Logically we could infer that the court must be deemed to have concluded that the circumstances did not warrant dismissal of the charge with prejudice. But we are left without explanation why the 30-day limitation was not observed; or that the court realized that it had to dismiss the charge; or that it gave heed to and purported to apply any of the factors upon which the determination was to be based. The Act makes a fundamental change in pre-existing procedures and imposes a new policy manifestly designed to emphasize the importance of the mandated time periods. We do not believe the statutory command can be nullified by the deliberate by-pass of specific procedures enjoined by Congress,

even though we recognize that a judgment of the trial court is to be upheld if the record supplies a reasonable basis for doing so. We do not find that record support here, and we cannot supply the missing components.

■ We hold that § 3162 of the Speedy Trial Act requires that, in a case where a defendant has been arrested and has not within 30 days been indicted or had an information filed against him, and a motion to dismiss the complaint is brought before trial, the court must dismiss the charge contained in the complaint notwithstanding that an indictment or information filed out of time may then be pending. The statute leaves no discretion whether to dismiss the charge in the complaint. Dismissal is mandatory. The court does however retain discretion whether that dismissal shall be with or without prejudice according to the application of the statutory factors. Should the court determine that the dismissal shall be without prejudice, the defendant may again be prosecuted as in other cases. Should the dismissal be with prejudice, the defendant may not again be prosecuted on the same charge.

■ We turn now to the disposition of the case before us when trial has been had, a jury verdict returned, and sentence and judgment have been pronounced. We have no apparent precedent. We have construed the statute as Congress wrote it and have now set forth how it should be applied. There remains Antonio's case to be decided on its own discrete facts. His motion to dismiss was denied. He was tried and convicted by a jury. He claims no specific prejudice with respect to his preparation for defense or to the trial itself. He relies for cause solely on the five days by which the return of the indictment exceeded the 30-day limit imposed by the Act. He did not raise before us or in the trial court any particular manner in which he was injured because of the errant days.

Nonetheless, dismissal of the charges was required because we think the policy of the Act is important and compliance therewith is more than perfunctory. The Act re-

quired the trial court to determine whether the pre-indictment delay would have required dismissal of the complaint with or without prejudice. The standards governing that decision are set forth in § 3162(a)(1). If, after weighing the factors set forth in the statute, the trial court concludes this pre-indictment delay required dismissal with prejudice, the judgment and sentence shall be set aside; if dismissal without prejudice was the proper remedy, the court shall reinstate the judgment and sentence.

We remand to the district court for that determination.

The judgment and sentence of the district court are vacated and the cause is remanded for further proceedings as herewith set forth.