**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Pedro PEREZ–REVELES,**
**Defendant-Appellant.**

**No. 81–1708.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 1, 1982.

Decided Sept. 13, 1983.

Brian C. Leighton, Fresno, Cal., for plaintiff-appellee.

Tim Magill, Fresno, Cal., for defendant-appellant.

Before MERRILL and HUG, Circuit Judges, and BROWN,\* District Judge.

HUG, Circuit Judge:

Pedro Perez-Reveles appeals his convictions for distribution of heroin and conspiracy to distribute heroin. 21 U.S.C. §§ 841(a) and 846. He contends it was error to deny his pretrial motion for dismissal of the indictment because the trial did not commence within the 70-day period required by the Speedy Trial Act (the "Act"), 18 U.S.C. §§ 3161–3174. We hold that the appellant was not tried within the required 70-day period, and therefore the convictions must be reversed and the indictment dismissed pursuant to section 3162 of the Act.

I

*Facts*

Perez-Reveles was arrested on July 2, 1981. He appeared that day before a magistrate, and was held to answer to the charges of unlawful possession of heroin with intent to distribute and conspiracy to distribute. He was indicted on July 16 and arraigned on July 20, at which time trial was set for August 25. On August 10, Perez-Reveles appeared with court-appointed counsel to confirm the trial date. However, on August 24, the attorney appeared without Perez-Reveles. He stated that Perez-Reveles's codefendants had pleaded guilty that day, and "[i]t will be my intention to not go to trial tomorrow so we can

---

\* The Honorable Wesley E. Brown, Senior United States District Judge for the District of Kansas, sitting by designation.

continue our matter so we can use those persons as witnesses after they are sentenced and also to convey an offer that was made to me today to my client." The district court granted the continuance request. Perez-Reveles appeared with counsel for trial confirmation on August 25, and the trial was reset for September 22.

Shortly before September 22, Perez-Reveles substituted retained counsel. He and his attorney appeared on September 22, ready for trial. The Government attorney assumed that the new defense attorney would not be prepared for trial so soon after his substitution and would request a continuance, and thus no jury was empaneled. Perez-Reveles was unwilling to waive the jury. The court suggested the trial be set for September 29, but the Government attorney had a conflicting criminal trial on that date. Defense counsel stated: "[Perez-Reveles] was quite adamant that he proceed to trial as soon as possible, simply because his family and other resources simply do not have any assets with which to post bail. Simply stated, he is in custody, and he wants to proceed to trial at the earliest possible date. And he also told me while I visited him on the initial meeting that he would not waive any of his time limitations. He would try to exercise his speedy trial rights as much as he could."

It was finally agreed that the earliest date at which trial could be reset was October 27. Perez-Reveles appeared with counsel on October 19 to confirm that trial date. He then appeared for trial on October 27 and moved for dismissal of the indictment on the basis that the trial had not commenced within the 70-day limitation prescribed by the Speedy Trial Act. The Government conceded that the 70-day limitation had been exceeded, but argued that the Government should not be faulted because the defendant changed attorneys approximately two months after he was arraigned on the indictment. The Government attorney also argued that Perez-Reveles's court-appointed attorney had been trying to negotiate a plea bargain prior to his withdrawal from the case. The district court denied the motion to dismiss. It found that the 29-day period from August 25 to September 22 was an excludable continuance under 18 U.S.C. § 3161(h)(8)(A) "because of the complexity of the trial and also the settlement pending . . . ."

## II

### Calculation of the Speedy Trial Period

█ Section 3161(c)(1) of the Act requires that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." When the defendant is arrested prior to indictment, and makes an initial appearance before a magistrate who orders him held to answer the charges in the district court, the 70-day pretrial period runs from the date of his indictment. *United States v. Haiges,* 688 F.2d 1273, 1274 (9th Cir.1982).

Perez-Reveles's indictment on July 16 thus triggered the Act's 70-day limitation period in his case. The trial commenced October 27, some 103 days later. Even if the 29-day period from August 25 to September 22 is properly excludable, there remains a period of 74 days from the date of the indictment, July 16.

The parties contest whether the four days exceeding the 70-day maximum were properly excluded under the provisions of section 3161(h)(1) of the Act. We need not reach the arguments concerning these contested days of exclusion because we find that the 29-day continuance period was not excludable, and thus the 70-day maximum was exceeded even if the four days were properly excluded.

## III

### Exclusion of Continuance

Section 3161(h)(8)(A) provides that the court may exclude any period of delay re-

sulting from a continuance granted by the judge on his own motion or at the request of either party "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The "ends of justice" exclusion was included in the Act "in response to the concern that courts need discretion to respond to characteristics of individual cases similar to those granted automatic exclusion." *United States v. Nance,* 666 F.2d 353, 355 (9th Cir.), *cert. denied,* 456 U.S. 918, 102 S.Ct. 1776, 72 L.Ed.2d 179 (1982). However, the discretion granted to the trial court to invoke the ends of justice exception is narrow. "Realizing that broad discretion would undermine the mandatory time limits of the Act," Congress intended that the ends of justice continuance be "rarely used." *Id.* at 355.

Congress accordingly imposed two explicit limitations on the court's discretion to grant such continuances. First, to ensure that "the continuance provision . . . not be invoked for reasons other than those which would meet the ends of justice," the Act enumerates four factors that must be considered by the district court before a continuance can be granted. H.R.Rep. No. 1508,

93d Cong., 2d Sess., *reprinted in* 1974 U.S. Code Cong. & Ad.News 7401, 7426 (hereinafter cited as "House Report"). Among those factors is "[w]hether the case is so . . . complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation" within the time limits established by the Act. 18 U.S.C. § 3161(h)(8)(B)(ii).[1]

Second, the court's discretion to grant continuances upon a finding that the ends of justice are served is qualified by the limitation that:

No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(8)(A).[2] The essential inquiry in this case is whether the trial court satisfied this requirement by stating, either orally or in writing, its reasons for granting the August 24 continuance.[3]

---

1. The three remaining factors set forth in 18 U.S.C. § 3161(h)(8)(B) are:

    (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
    . . . .
    (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
    (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time

    necessary for effective preparation, taking into account the exercise of due diligence.

2. The trial court's factual findings that the ends of justice are served by the continuance will not be disturbed by this court unless they are clearly erroneous. *United States v. Fielding,* 645 F.2d 719, 722 (9th Cir.1981). However, the court's determination of which factors to consider in granting an ends of justice continuance is a question of law and subject to our *de novo* review. *Id.* at 721; *United States v. Nance,* 666 F.2d at 356.

3. The Government discusses the bases of both the August 24th and the September 22nd continuances in its brief. It argues that the September 22nd continuance was proper because the judge determined that Perez's new attorney could not possibly be ready to proceed to trial on that date. Section 3161(h)(8)(B) allows the judge to consider whether failure to grant a continuance would be likely to result in a miscarriage of justice. A continuance can also be granted where it is necessary to grant counsel

■ Both the Act and its legislative history establish that no continuance period may be excluded unless the court makes reasonably explicit findings that demonstrate that the ends of justice served by granting the continuance do, in fact, outweigh the best interests of the public and the defendant in a speedy trial. *United States v. Fielding,* 645 F.2d 719, 722 (9th Cir.1981); *see also United States v. Guerrero,* 667 F.2d 862, 867 (10th Cir.1981), *cert. denied,* 456 U.S. 964, 102 S.Ct. 2044, 72 L.Ed.2d 490 (1982); *United States v. New Buffalo Amusement Corp.,* 600 F.2d 368, 375 (2d Cir.1979). It is clear that in passing the Act, Congress intended to eliminate the practice of granting continuances as a matter of course. The Act provides that "[n]o continuance ... shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the ... Government." 18 U.S.C. § 3161(h)(8)(C). In order to ensure that continuances are not granted for such purposes, Congress required the district courts to state their reasons for granting the continuance. As the legislative history of the Act makes clear, those reasons must be *"set forth with particularity."* House Report at 7426 (emphasis added).

■ In the instant case, there were two opportunities for the district court to make the required findings. The first was on the date of the request, August 24. In response to Perez-Reveles's attorney's discussion of his motion for the continuance, the court responded only "[v]ery well then," thus granting the motion. The court's failure to characterize the continuance as an "ends of justice" exclusion or to make specific findings at that time is entirely understandable. The ruling occurred in a rather informal colloquy between the court and the attorney; Perez-Reveles was not present. At the time of the ruling, trial well within the Act's limitations was contemplated. Nevertheless, because no explicit findings were made, it is clear that the continuance cannot be excluded on the basis of the August 24 proceedings.

The court's second commentary on the exclusion occurred on October 27, when Perez-Reveles moved for dismissal of the indictment for violations of the Act. It then stated that the period from August 25 to September 22 would be excluded due to the complexity of the case and the pending plea bargain negotiations. The only reasons set forth by the court were contained in the trial judge's statement: "Well, I will deny the motion to dismiss, because of the complexity of the trial and also the settlement pending, we will exclude the time from August 25 to September 22."

In view of the requirements of the Act, the court's findings as to the exclusion of the continuance were insufficient. Negotiation of a plea bargain is not one of the factors supporting exclusion provided in section 3161(h)(8)(B).[4] Although the complexity of the case is a permissible factor under section 3161(h)(8)(B)(ii), the mere conclusion that the case is complex is insufficient. The statement gives no indication why the court considered the case complex,[5] and the record suggests that findings could not have been made to support the conclusion. There was a single defendant,

---

reasonable time necessary for effective preparation. *See supra* note 1.

The trial court made no finding that such a continuance was necessary in this case. The court was, in fact, willing to proceed with trial on September 22. It was the Government's failure to obtain a jury panel and the subsequent inability of the court and the parties to agree upon a trial date that resulted in a continuance until October 27. Because the court made no finding that the September 22 continuance was excludable, that continuance is not before this court on appeal.

**4.** *But see* section 3161(h)(1)(I) (permitting automatic exclusion for period of delay during which the court considers a formal plea agreement tendered to the court by both parties).

**5.** At an earlier hearing, the court had stated that "the case is apparently fairly complex if it involves bail that's that high." Even if this observation had been made part of the findings, it is insufficient to support the conclusion that "the case is so ... complex ... that it is unreasonable to expect adequate preparation" within the Act's time limits. Section 3161(h)(8)(B)(ii).

charged with a common violation of the narcotics laws, and the case took only two days to try. No complex or unusual issues were raised by the Government or the defense. We hold that because the district court's rulings did not include the explicit findings required by the Act, the period from August 25 to September 22 was not excludable. Perez-Reveles was therefore tried 99 days after his indictment, in violation of the Act.[6]

■ We emphasize that the monitoring of the limitations period is not the exclusive burden of the district judge. The Government shares the responsibility for speedy trial enforcement. *See United States v. Didier*, 542 F.2d 1182, 1186–87 (2d Cir.1976); *United States v. Roemer*, 514 F.2d 1377, 1382 (2d Cir.1975). The Government did not fulfill that responsibility in this case. On September 22, when the court considered the Government's request for a second continuance, the speedy trial period was about to expire. In helping the court to set the new trial date, however, the Government attorney made no reference to the Act's requirements. Perez-Reveles's attorney said his client was quite adamant that he proceed to trial as soon as possible, that he would not waive any of his time limitations, and that "he would try to exercise his speedy trial rights as much as he could." Even then the Government did not consider whether its requested continuance would violate the Act. It thus provided no help to the judge in preventing this violation of the Act.

## IV

### Remedies

■ As we recently stated in *United States v. Antonio*, 705 F.2d 1483, 1485 (9th Cir.1983):

Whatever debate might still be open as to the wisdom or peril of imposing rigid time requirements, Congress seems carefully to have determined that a comprehensive plan for facilitating shorter pretrial delays would promote the interests of the public, the individual, and the ends of justice. To accomplish these aims, sanctions were provided in § 3162.

Section 3162(a)(2) provides that if a defendant is not brought to trial within the 70-day period, the "indictment shall be dismissed on motion of the defendant." Whether the dismissal shall be with or without prejudice is left to the discretion of the judge, who "shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2).

Accordingly, we reverse the convictions and remand the case for dismissal of the indictment. On remand, the district court should determine, taking into account the factors specified in section 3162(a)(2), whether the dismissal is to be with or without prejudice.

In the event the district court determines that the case is to be dismissed without prejudice, this would permit the retrial of the defendant only upon the obtaining and filing of a new indictment. A determination of dismissal without prejudice does not permit the reinstatement of the judgment and sentence, as we held in the *Antonio* case, because the applicable statutory provision in this instance requires the dismissal of the indictment, the foundational pleading for the criminal trial.

In *Antonio*, we dealt with a case in which the indictment was not brought within the

---

**6.** Appellant contends that the court's October 27 explanation also did not fulfill the requirements of the statute because it was not contemporaneous with the granting of the continuance on August 24 and, furthermore, was after the 70-day period had expired. Because of our conclusion that the findings were inadequate, we need not address this issue.

Other circuits have concluded that the Act does not require contemporaneous findings. *See*

*United States v. Clifford*, 664 F.2d 1090, 1095 (8th Cir.1981); *United States v. Edwards*, 627 F.2d 460, 461 (D.C.Cir.) (per curiam), *cert. denied*, 449 U.S. 872, 101 S.Ct. 211, 66 L.Ed.2d 92 (1980); *see also United States v. Carrasquillo*, 667 F.2d 382, 386 (3d Cir.1981) (distinguishing non-contemporaneous findings made within the seventy-day pretrial period and findings made after the limitations period has run).

30-day time limit following the date of arrest, as required by the Speedy Trial Act. Section 3162(a)(1) required dismissal of the charge contained in the criminal complaint. We vacated the judgment and sentence, but held that because an indictment had been filed and a trial held, the judgment and sentence could be reinstated if the court determined that a dismissal without prejudice was the proper remedy under section 3162(a)(1).

However, *Antonio* differs from this case. A criminal complaint is not an essential element in the criminal proceeding; an indictment may be returned without a prior charge in a criminal complaint. Thus the dismissal of the charge in the criminal complaint does not have the same effect as the dismissal of the indictment.

The Fifth Amendment of the United States Constitution requires that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment *or* indictment *of* a Grand Jury." Rule 7 of the Federal Rules of Criminal Procedure specifies the application of this constitutional provision to all felonies unless waived by the defendant.[7] Thus an indictment is the constitutional requisite to the commencement of the criminal trial in this case.

The language in section 3162(a)(1) applicable in *Antonio* is identical to the language in section 3162(a)(2) applicable in this case, with respect to the factors to be considered in determining whether to dismiss with or without prejudice, but the sections differ in the effect that must be accorded to the dismissal.[8] Section 3162(a)(2) does not permit reinstatement of the judgment and sentence, as in *Antonio*, because dismissal of the indictment deprives the proceeding of the foundational pleading upon which the criminal trial is based. Therefore, if the district court should determine that the case is to be dismissed without prejudice, the judgment cannot be reinstated, but the effect of that order would be to permit retrial only after reindictment of the defendant.

## V.

### Conclusion

■ The appellant contends that there was insufficient evidence to support the

---

7. Fed.R.Crim.P. 7 provides:

   (a) Use of Indictment or Information. An offense which may be punished by death shall be prosecuted by indictment. An offense which may be punished by imprisonment for a term exceeding one year or at hard labor shall be prosecuted by indictment or, if indictment is waived, it may be prosecuted by information. Any other offense may be prosecuted by indictment or by information. An information may be filed without leave of court.

   (b) Waiver of Indictment. An offense which may be punished by imprisonment for a term exceeding one year or at hard labor may be prosecuted by information if the defendant, after he has been advised of the nature of the charge and of his rights, waives in .open court prosecution by indictment.

8. Section 3162(a)(1) and (a)(2) provides:

   § 3162. Sanctions

   (a)(1) If, in the case of an individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

   (2) If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant. The defendant shall have the burden of proof of supporting such motion but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161(h)(3). In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice. Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section.

conviction. For guidance in applying double jeopardy principles, we reach this contention, even though we reverse on procedural grounds. *See Burks v. United States,* 437 U.S. 1, 18, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1 (1978). We find that viewing the evidence in the light most favorable to the Government, the jury could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

Because of our conclusion that the Speedy Trial Act requires reversal of Perez-Reveles's conviction, we do not reach the remaining contentions he has advanced in this appeal.

REVERSED and REMANDED.