UNITED STATES of America,

v.

Joseph F. WOLLSCHLAGER.

No. 83 CR 20012.

United States District Court,
N.D. Illinois, W.D.

May 18, 1984.

William Thorton, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

John M. Nelson, Rockford, Ill., for defendant.

ROSZKOWSKI, District Judge.

## ORDER

Before the court are defendant's motions in arrest of judgment, for a new trial and for judgment of acquittal after discharge of the jury. The principal basis for defendant's various motions is the alleged violation of the Speedy Trial Act. 18 U.S.C. § 3161 *et seq.* For the reasons set forth herein, defendant's motion in arrest of judgment is allowed and the subject indictment is dismissed without prejudice. Defendant's remaining motions are denied.

## I. BACKGROUND

On August 19, 1983, the defendant was indicated for income tax fraud. On August 26th, he was arraigned before the Magistrate. Also present at his arraignment was a special legal advisor appointed by the Magistrate to assist him with procedural matters. At his arraignment, the defend-

ant requested three to seven weeks to retain his own counsel. After inquiring into the need for such an extended delay, the Magistrate granted a three week continuance, making an oral finding that "[j]ustice would be served by granting the motion of the defendant so that he could obtain counsel, since he believes that he needs particular counsel because of the particular questions and issues which are involved in this matter..." A new status hearing was set for September 16th.

At the September 16th status hearing, the defendant announced that he had not yet retained counsel. At the defendant's request, an additional continuance was granted until September 30th. Since no transcript is presently available from that hearing, it is unclear whether the Magistrate made any oral findings similar to those he set forth at the hearing on September 16th. No written findings appear in the record.

At the September 30th status hearing, the defendant announced that he had decided to proceed *pro se*. The Magistrate ordered the defendant's appointed advisory counsel to remain in the case to assist the defendant. The parties were ordered to undertake a Local Rule 2.04 conference by October 14th. The Magistrate further ordered that the defendant was given ten days thereafter to file his pretrial motions. The government was given ten days to respond and the defendant was given five days to reply. The next status hearing was set before the Magistrate on November 18th.

On October 17th, the parties proceeded with their discovery conference. On October 31st and November 1st, the defendant filed seventeen pretrial motions along with various supporting memorandums. Two of the supporting memorandums exceeded fifteen pages. The government failed to file any written response or request for a continuance within ten days.

On November 15th, in order to facilitate the defendant's business travel abroad, the November 18th status hearing was stricken. A new status hearing was set for December 2nd. While the government had not yet responded to the defendant's pending motions, no motion for a continuance was brought to the Magistrate's attention.

At the December 2nd status hearing, the Magistrate granted the government's oral request for forty additional days in which to reply to the defendant's pending motions. The defendant stated he had no objection to the continuance. Finally, the Magistrate ordered the parties to appear before this court for a status hearing on January 13, 1984.

On January 13th, the defendant filed a motion and supporting memorandum in excess of fifteen pages relating to the appointment of a non-attorney as the counsel of his choice. The government, which had not yet responded to the defendant's previous motions, orally requested additional time to respond to all of the defendant's pending motions. The reason given for the request was the illness of the Assistant United States Attorney assigned to the case. This court granted the government until January 23rd to file its response to the defendant's motion for the appointment of counsel and gave the defendant until February 3rd to reply. The defendant, accompanied by his appointed advisor, again voiced no objection to the briefing schedule. Finally, the court set a firm trial date of February 27th.

On January 25th, still not in receipt of any government response to the pending motions, the court set the case for a status hearing on February 17th. In the interim, on February 13th, the court ruled upon the defendant's pending motions; in particular, the court denied the defendant's motion for the appointment of a non-attorney counsel.

At the conclusion of the status hearing on February 17th, the court entered an order providing:

> The court finds that the ends of justice will be served and outweigh the best interests of the public and defendant in a speedy trial in order to insure that defendant's counsel is given adequate time to prepare the defense of this case.

Therefore the time between August 26, 1983 and February 13, 1984 is excludable pursuant to T. 18 U.S.C. Section 3161(h)(8).

On February 24th, the defendant filed a motion for a continuance alleging he needed additional time to adequately prepare his case for trial. Specifically, defendant alleged he "had expected the court to grant his motion for counsel of his choice, and had consulted with said individual in preparation for trial." As a result of the court's ruling, the defendant alleged he had "not had adequate time to confer with court appointed counsel." Because his appointed counsel had been assisting him since his arraignment and because of the late date of his motion, defendant's motion for a continuance was denied.

On February 27th, the defendant moved the court to reconsider its excludable time order of February 17th and moved to dismiss his indictment based upon the government's failure to comply with the Speedy Trial Act. Both motions were denied. On February 27th, the jury was impaneled and the defendant was granted a recess for the remainder of the day. Evidence was heard by the jury on February 28th and 29th. On March 1st, the jury returned a guilty verdict on all counts.

## II. DISCUSSION

### A. The Provisions of the Act

Title 18, U.S.C. § 3161, provides, in relevant part:

  *     *     *     *     *     *

(c)(1) In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days...from the date the defendant has appeared before a judicial officer of a court in which such charge is pending....

  *     *     *     *     *     *

(h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—

  *     *     *     *     *     *

(F) delay resulting from any pretrial motion, from the filing of the motion through conclusion of the hearing on, or other prompt disposition of, such motion;

  *     *     *     *     *     *

(J) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

  *     *     *     *     *     *

(8)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant...if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period...shall be excludable...unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial.

█ The exclusions contained in § 3161(h)(1), including subsections (F) and (J), are automatic and do not require the entry of an "ends of justice order" pursuant to § 3161(h)(8). *United States v. Cobb*, 697 F.2d 38, 41–42 (2nd Cir.1982). Both subsections (F) and (J) apply to pretrial motions, but the scope of their application is different. As the court explained in *United States v. Mers*, 701 F.2d 1321 (11th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 482, 78 L.Ed.2d 679 (1983):

The Judicial Guidelines at 33 recommend that the 'exclusion for delay resulting

from pretrial motions be treated as ending at such time as the court has received everything it expects from the parties before reaching a decision—that is, such date as all anticipated briefs have been filed and any necessary hearing has been completed. Thereafter, the matter should be treated as "under advisement" and subject to the rules of subparagraph (J).' Section 3161(h)(1)(F) and Section 3161(h)(1)(J) dovetail; the former ends when the latter begins. *Id.* at 1336.

There are, however, limitations upon the time which may be excluded pursuant to § 3161(h)(1)(F). In *United States v. Horton,* 705 F.2d 1414 (5th Cir.), *cert. denied,* — U.S. ——, 104 S.Ct. 496, 78 L.Ed.2d 689 (1983), for example, the court noted that the "prompt disposition" language of § 3161(h)(1)(F) "might justify, in an egregious case, disregarding [as excludable] some portion of the pendency period." *Id.* at 1416. *See also United States v. Cobb,* 697 F.2d 38, 43–44 (2nd Cir.1982). One court has suggested, based upon the comments of the drafters, that under some circumstances periods beyond the briefing schedules provided by the local rules might not be excludable. *United States v. Novak,* 715 F.2d 810, 819–20 (3rd Cir.1983), *cert. denied,* — U.S. ——, 104 S.Ct. 1293, 79 L.Ed.2d 694 (1984). In *Novak,* the court pointed out:

> Congress recognized that 'without basic standards for prompt consideration of pretrial motions', the liberal exclusion under the 1979 amendments to subsection (F) 'could become a loophole which could undermine the whole act.' S.Rep. No. 96–212, 96th Cong., 1st Sess. 33–34 (1979). Instead of imposing rules on the courts to limit such abuse, Congress encouraged the courts to use their local rules 'to set uniform standards for motion practice.' *Id.* However, Congress did not leave the courts unaware of the specific abuse about which it was concerned. The Senate Committee reported that local court rules should guide the courts in fixing both a starting date and an ending date for the period of exclu-

sion. The Committee specifically noted that it did not 'intend that additional time be made eligible for exclusion by *postponing the hearing date...of the motions beyond what is reasonably necessary.' Id.* at .819–20 (emphasis in original).

Title 18, U.S.C. § 3162(a)(2) provides in relevant part:

> If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant.... In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice....

Consistent with this, a determination that the case is to be dismissed without prejudice would permit the retrial of the defendant only upon the obtaining and filing of a new indictment. *United States v. Perez-Reveles,* 715 F.2d 1348, 1353 (9th Cir.1983).

### B.  Overview of Excludable and Non-Excludable Time

In the present case, 184 days elapsed between the defendant's indictment on August 26, 1983 and the impaneling of the jury on February 27, 1984. It is clear that the initial twenty-one day continuance requested by the defendant, the period between August 26th and September 16th, was excludable under § 3161(h)(8)(A). The defendant raises no objection to that continuance.

In addition, it is clear that the subsequent continuance requested by the defendant and granted by the Magistrate, from September 16th to September 30th to obtain private counsel, could have been excluded pursuant to § 3161(h)(8)(A). The record is unclear, however, as to whether

the Magistrate set forth the requisite oral findings necessary to render that period excludable under the Act.[1] In any event, the following thirty day period, the time between September 30th and October 31st, when the defendant filed his initial motions, was not excludable.

Under the Magistrate's September 30th order, the government was given ten days to respond to the defendant's motions. Thus, the government's responses were due on November 11th, ten days after the defendant filed his last set of motions on November 1st. Under the applicable decisions, the time between November 1st and November 11th was excludable pursuant to § 3161(h)(1)(F). On November 11th, with the government's failure to file a brief, all anticipated briefs had been filed. At that point, the matter was taken under advisement pursuant to § 3161(h)(1)(J). Thus, barring any other action, the Magistrate had a maximum of thirty excludable days, until December 11th, to render a decision.

On December 2nd, however, the government requested an additional forty days, until January 11, 1984, to file a response to the defendant's motions. While the defendant voiced no objection to the government's request, the court, for reasons discussed in more detail later, concludes the period between December 11, 1983 and January 13, 1984, was not excludable pursuant to § 3161(h)(1)(F). Thus, by the time the parties appeared before this court for the status hearing on January 13th, thirty-two additional non-excludable days had expired.

At the status hearing scheduled for January 13th, the defendant filed an additional motion requesting the appointment of a non-attorney as the "counsel" of his choice. The government requested time to respond to that motion along with additional time to respond to the defendant's previous motions. The court allowed the government ten days, until January 23rd, to respond to

the defendant's motion for the appointment of counsel of his choice. Thus, the period between January 13th and January 23rd was excludable pursuant to § 3161(h)(1)(F). On January 23rd, with the government's now predictable failure to file a response, all anticipated briefs had been filed. At that point, the matter was taken under advisement pursuant to § 3161(h)(1)(J). Thus, barring any other action, the court had a maximum of thirty excludable days, until February 22nd, to render a decision.

On February 13th, the court issued a decision on all pending motions. Thus, the excludable time ended on that date. On February 24th, the defendant filed several motions which were orally ruled upon from the bench. Assuming that day was also excludable, twelve additional non-excludable days elapsed between February 13th and February 27th, when the jury was impaneled. Thus, even assuming the second fourteen day continuance granted by the Magistrate was excludable, seventy-four non-excludable days, four more than are allowed by the Act, had expired on the day the jury was impaneled.

### C. The Non-Excludable Delay

As noted previously, the crucial period for purposes of the present motions is the time between December 11, 1983, when, in the court's view, the defendant's pending motions were no longer excludably under advisement, and January 13, 1984, when the defendant's subsequent motion triggered an additional excludable delay. The government contends the forty day extension granted by the Magistrate rendered the time between December 2, 1983 and January 11, 1984 excludable pursuant to § 3161(h)(1)(F). On January 11, 1984, with the government's failure to file a brief, all anticipated briefs had been filed. At that point, the government would presumably contend the matter was once again taken

---

**1.** If the Magistrate did not make the oral finding required by 18 U.S.C. § 3161(h)(8)(A), his failure to do so was not cured by the court's excludable time order of February 17, 1984. Upon reconsideration, the court finds it was without authority to enter such a *nunc pro tunc* order

concerning the basis of the Magistrate's decision to grant that continuance. *United States v. Janik,* 723 F.2d 537, 545 (7th Cir.1983). Thus, the order of February 17, 1984 purporting to exclude the time between August 26, 1983 and February 13, 1984 is vacated.

under advisement pursuant to § 3161(h)(1)(J).

Defendant's principal argument to the contrary apparently focuses upon the period between November 11, 1983, when the government's response was originally due, and January 13, 1984, when he filed his subsequent motion. Defendant argues that the government should not be allowed to request such an extended briefing schedule only to decide against filing any response. Pointing out that at trial the government labeled most of his positions as being "totally without merit," the defendant contends the government's request for such an extended period in which to respond to his motions was an intentional attempt to deprive him of his right to a speedy trial.

■ In the court's view, there is substantial support for the defendant's position. In *Novak*, the court recognized that extensions should not be granted beyond what is reasonably necessary to respond to pending motions. Ordinarily, the court recognized that the local rules of the forum would govern what is reasonably necessary.

Local Criminal Rule 2.04c provides that "[w]ithin ten (10) days after receipt of [a *motion and brief*] the opposing party shall file an answering brief." The rule also provides, however, that "[t]he court may...shorten or extend the time fixed by the Rule for the filing [of supporting, answering or reply briefs]." In the present case, the standard time authorized by the rule was exhausted on November 11th. Thus, in light of *Novak*, the issue before the court is whether the additional time extended by the Magistrate was "reason-ably necessary" to respond to the subject motions.

In determining whether the extension granted by the Magistrate was reasonably necessary, the court is admittedly endowed with the special advantage of hindsight. From this vantage, it is clear that the time requested by the government was not reasonably necessary to respond to the defendant's pending motions. From the court's own resolution of the motions, it is clear that the time allowed by the local rules should have been sufficient for the government to respond to the defendant's motions.[2]

Even under the apparently stricter *Horton* standard, the court concludes the continuance should not be excludable. In the view of this court, the facts of this case present the type of egregious circumstances the *Horton* court envisioned as warranting a retrospective determination that time was not excludable. Anytime the government requests an extension of time in a criminal case, it is under an obligation to make certain the basis for that continuance is well founded. 18 U.S.C. § 3162(b)(2), (3) and (4). Here, the government failed to meet that obligation.

At the time the forty day extension was requested, the government had already been in possession of the defendant's motions for a month. By that time, the government should have ascertained that the motions required either a short response or no response at all. To feel justified in requesting an additional extension of time amounting to well over half the maximum seventy day period allowed by the Act, the government should have been certain of the nature of the defendant's motions.

**2.** *See also United States v. Koliboski*, 732 F.2d 1328 (7th Cir.1984). There has been some discussion of the fact that the Assistant United States Attorney assigned to the case was ill during January. In the view of this court, any such illness would not excuse the government's conduct here. By the first day of January, the government had already had two months to respond to the defendant's motions. Even if the illness had occurred during November or De-cember, the United States Attorney's office is certainly large enough to have made arrangements for the filing of a single brief. Moreover, the illness was never brought to the court's attention until long after the government's response had become overdue. Finally, even if brought to the court's attention, the illness of the prosecutor would not have justified the denial of the defendant's right to a speedy trial.

Finally, despite the requested extension, the government failed to file any response. Then, despite its failure to file a brief, the government appeared at trial with numerous copies of decisions labeling the defendant's positions as meritless. Were it not for the government's pattern of negligent behavior in this case, including its failure to respond to the defendant's post-trial motions until twenty days after its response was due, the court might be inclined to conclude the requested extension was a wilful attempt to delay the subject trial. Whether the government's conduct is labeled as negligent or wilful, however, is of minor importance. In either event, the extension of time requested by the government on December 2nd should not be excluded. Instead, the period of excludable time should end thirty days after the government's original response was due. Thus, the time between December 11th, thirty days after the government's response was originally due, and January 13th, the day the defendant's subsequent motion triggered another excludable period, is not excludable.

By this decision, the court does not intend to be at all criticalof the Magistrate's handling of the subject motions. The Magistrate acted reasonably in eliciting an explanation of the need for the extension and in affirmatively inquiring into the existence of any objection by the defendant.[3] At the time the extension was granted, the Magistrate could not possibly have been aware that the government would fail to respond to the defendant's motions or subsequently characterize the defendant's positions as meritless. While the Magistrate should have been made aware that the government had already had thirty days in which to respond to the defendant's motions, it does not appear the elapsed time was ever brought directly to his attention.[4]

Nor is the court persuaded that the extension should be excluded merely because the defendant failed to object. At the time the extension was granted, the defendant was proceeding *pro se*. Moreover, the transcript of the proceedings from that date fails to indicate whether his legal advisor was present. The defendant, as incorrect as he may have been, felt his motions had merit and deserved an answer. Thus, under the circumstances, the court is unwilling to hold the extension was reasonable merely because the defendant failed to object. The fault in the present case lies not with the Magistrate or the defendant, but with the government.

### D. Sanctions

Applying the factors enumerated in § 3162(a)(2), the court concludes that dismissal should be granted without prejudice.

---

**3.** At the status hearing on December 2nd, the U.S. Attorney responded to the Magistrate's inquiry into the length of the extension he was requesting by stating:

[THE U.S. ATTORNEY]: Roughly about 40 days. I should point out that Mr. Wollschlager filed a total of, I believe, 16 pretrial motions. I've reviewed each of them. My estimate is about 14 of them will require some sort of written response. Three of the motions deal with various motions to dismiss the indictment based on constitutional grounds and statute of limitations grounds which are—for which he filed lengthy memorandums, and that will require a lengthy response on my part.

There are in addition, I believe, seven discovery motions that will also have to be responded to, and then three miscellaneous motions dealing with [how] the jury would be charged if the case goes to trial.

Based on my review of the motions, the ones that will take the most time will be the motions to dismiss the indictment because of the lengthy amount of research that has to be done on those. The others will not be as lengthy as far as the response or the time it will take to prepare. However, I would like to file them all at the same time, and I would ask for approximately 40 days.

THE MAGISTRATE: Mr. Wollschlager, the first thing I would ask you, do you object to the government's request.

MR. WOLLSCHLAGER: No, I don't Your Honor.

**4.** At the December 2nd status hearing, the following exchange took place:

[U.S. ATTORNEY]: Your Honor, as a point of clarification, that's 40 days from today?

THE MAGISTRATE: I would think so. Do you gentlemen have anything else?

MR. WOLLSCHLAGER: No, I don't.

[U.S. ATTORNEY]: Nothing else, Your Honor.

First, the court considers the subject offense to be extremely serious. It does not involve mere inadvertence, but, instead, the intentional filing of dozens of unauthorized withholding allowances.

Second, the court does not consider the particular facts and circumstances of this case as justifying the additional sanction of dismissal with prejudice. In the view of this court, the government's actions were more negligent than wilful. Dismissal without prejudice, with its accompanying burden of reindictment and retrial, appears to be an adequate sanction.

Finally, reprosecution will not have an adverse impact upon the administration of the Act or the administration of justice. The defendant has not suffered any prejudice as a result of the delay in the present case and the court cannot foresee any prejudice to his defense resulting from his reprosecution. Thus, for all the reasons set forth herein, the court views dismissal without prejudice as the appropriate sanction.

### III. CONCLUSION

For the reasons set forth herein, defendant's motion in arrest of judgment is allowed and the subject indictment is dismissed without prejudice. Defendant's remaining motions are denied.