**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jose Eduardo TERTROU,**
**Defendant-Appellant.**

**No. 83–1304.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 9, 1984.[*]

Decided Sept. 11, 1984.

---

[*] The panel finds this case appropriate for submission without oral argument pursuant to Fed.R. App.P. 34(a).

Valerie Stewart, Asst. U.S. Atty., Las Vegas, Nev., for plaintiff-appellee.

Peter L. Flanagas, Las Vegas, Nev., for defendant-appellant.

Before PHILLIPS,** FLETCHER and REINHARDT, Circuit Judges.

PER CURIAM:

Tertrou appeals his convictions for conspiracy to distribute and for aiding and abetting distribution of cocaine. He argues that his retrial after a mistrial was in violation of the Speedy Trial Act, 18 U.S.C. §§ 3161–3174 (1982). He also argues that insufficient evidence exists to support his conviction and that the trial court abused its discretion in admitting evidence of prior inconsistent statements and in refusing to strike the testimony of certain witnesses.

The government confesses error on the Speedy Trial Act issue, and we agree. Under section 3161(h)(1)(F), any period of delay resulting from a pre-trial motion is excluded from the time of the filing of the motion through its disposition. Other types of proceedings not enumerated, such as post-trial motions, are cause for exclusion of the time that the matter is under advisement. See 18 U.S.C. § 3161(h)(1)(J). The trial court erred in considering a motion for acquittal under Fed.R.Crim.P. 29 as a pre-trial motion. Rule 29, by its very terms, indicates that a motion for acquittal must be a post-trial motion. Thus, only the period that the motion is under advisement is excluded.

We accordingly will remand to the district court so that it may determine whether the charges against Tertrou should be dismissed with or without prejudice. See United States v. Frey, 735 F.2d 350, 353 (9th Cir.1984); United States v. Perez-Reveles, 715 F.2d 1348, 1358 (9th Cir.1983); United States v. Antonio, 705 F.2d 1483, 1486–87 (9th Cir.1983). If the district court dismisses with prejudice, no further action is necessary. If the district court dismisses without prejudice, however, we must determine whether the government must determine whether to seek a new indictment and retry the defendant, see Frey; Perez-Reveles, or whether the trial court may reinstate the judgment and sentence, see Antonio.

The Speedy Trial Act provides two types of time limits, each with its own sanctions. Section 3161(b) requires the government to indict a defendant within thirty days of arrest. The remedy for violation is dismissal of the complaint. See 18 U.S.C. § 3162(c). The district court must determine whether the dismissal should be with or without prejudice after considering the factors enumerated in section 3162(a)(1).[1]

---

** Hon. Harry Phillips, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

1. Section 3162(a)(1) and (a)(2) provides:

§ 3162. Sanctions
(a)(1) If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.
(2) If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant. The

Sections 3161(c), (d), & (e) require that the defendant be brought to trial within seventy days of indictment, reversal on appeal, declaration of mistrial or order of new trial. *See* 18 U.S.C. § 3161(c), (d) & (e). The remedy for violation is dismissal of the indictment. *See* 18 U.S.C. § 3162(a)(2). The district court must determine whether to dismiss the *case* with or without prejudice upon consideration of the factors set forth in section 3162(a). *See* 18 U.S.C. § 3162(a)(2).

In *Antonio* the government failed to indict within thirty days following the date of arrest. Although we held that section 3162(a)(1) required dismissal of the charge in the complaint, we said that the judgment and sentence could be reinstated if the district court determined that dismissal without prejudice was the proper remedy.

■■■■ By contrast, in *Frey* and *Perez-Reveles*, we held that reindictment and retrial were necessary when the defendant was not brought to trial within seventy days of indictment as required by section 3161(c)(1). In *Perez-Reveles*, we distinguished *Antonio* as a 3161(b) case (failure to indict within thirty days), the remedy for which is dismissal of the complaint. Because a complaint is not an essential element of a criminal proceeding, and its dismissal without prejudice has no material effect after trial, there is no constitutional bar to reinstatement of the judgment and sentence. *Perez-Reveles*, 715 F.2d at 1354. Where the sanction is dismissal of the *indictment* as in *Perez-Reveles* reinstatement of the judgment and sentence would violate the indictment and presentment clause of the fifth amendment. *Id.*

■■■ The Section 3161(e) violation in this case, involving a delay of more than seventy days in retrying the defendant after a mistrial is not addressed in *Antonio, Perez-Reveles* or *Frey*. The Act is not explicit as to which sanction applies to a violation of section 3161(e) but the structure of the Act is such that a failure to *retry* within seventy days appears to be accorded like treatment to a failure to *try* initially within seventy days. The sanction of 3162(a)(1) (dismissal of the complaint) applies only when the indictment is untimely. This makes sense since the complaint is irrelevant after a timely indictment is filed. Thus, *Frey* and *Perez-Reveles* govern this case. If the district court determines that the indictment in this case should be dismissed without prejudice, the district court may not reinstate the judgment and sentence. The government can, of course seek to reindict and retry the defendant. Congress has mandated strict time requirements in the Speedy Trial Act. In the event they are not met, the courts have no discretion but to dismiss. *See Antonio*, 705 F.2d at 1485.

■■■ Because of the possibility of dismissal without prejudice, we must review the defendant's claim that there was insufficient evidence to support the conviction.[2] We must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). We conclude that there was sufficient evidence at trial from which a rational trier of fact could have found that Tertrou

defendant shall have the burden of proof of supporting such motion but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161(h)(3). In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the adminis-

tration of justice. Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section.

2. If the evidence was insufficient, retrial would place the defendant in double jeopardy. *See Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Perez-Reveles*, 715 F.2d at 1355.

knew that the person to whom he sold the drugs planned to distribute them. Although the testimony was heavily impeached, it is not so incredible as to cause us to depart from the rule that determining the credibility of witnesses is a matter for the jury. *See Lyda v. United States,* 321 F.2d 788, 794–95 (9th Cir.1963).

REVERSED and REMANDED.