881 F.2d 1077
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Eddie SMITH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 88-2130.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1989.
 
 Before KRUPANSKY and RYAN, Circuit Judges and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 John Eddie Smith, a pro se federal prisoner appeals the district court's judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255.
 
 
 3
 Following his guilty plea to one count of fraudulently attempting to obtain a passport, Smith was sentenced to five years imprisonment. After filing an unsuccessful motion to correct sentence pursuant to Fed.R.Crim.P. 35, Smith filed his motion to vacate sentence seeking to have his sentence be reduced or overturned. Smith argued that the court failed to make findings as to controverted matters in the pre-sentence report and he was denied effective assistance of counsel because his counsel failed to move for dismissal of the charges against him, pursuant to the Speedy Trial Act, 18 U.S.C. Sec. 3161 et seq., and because counsel failed to properly object to false and erroneous information contained in the pre-sentence report.
 
 
 4
 The district court denied the motion and Smith filed a timely appeal raising the same issues which were before the district court and also claiming that he was denied the effective assistance of counsel because he was advised to accept a guilty plea when he was not guilty of the entire charge.
 
 
 5
 Upon review, we conclude the district court properly denied Smith's motion to vacate in all respects except as to his claim of ineffective assistance of counsel buttressed on counsel's failure to seek dismissal of the charges under the Speedy Trial Act.
 
 
 6
 The statements made by Smith's counsel at the sentencing hearing did not require a response from the district court because they lacked the specificity to bring the alleged factual inaccuracies in the pre-sentencing report to the attention of the district court judge; therefore, the provisions of Fed.R.Crim.P. 32(c)(3)(D) did not apply. United States v. Hurtado, 846 F.2d 995, 998 (5th Cir.1988); United States v. Fry, 831 F.2d 664, 668 (6th Cir.1987).
 
 
 7
 Further, the failure of Smith's counsel to object clearly to alleged inaccuracies in the pre-sentence report was not ineffective assistance of counsel because it was not prejudicial to the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Stevens, 851 F.2d 143, 145 (6th Cir.1978).
 
 
 8
 Moreover, although Smith attempts to raise a new issue on appeal--that representation of counsel was ineffective because Smith was advised to accept a plea agreement when he was not guilty of all charges--we decline to review the issue in the first instance. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987); United States v. Baker, 807 F.2d 1315, 1321 (6th Cir.1987).
 
 
 9
 Finally, although we express no opinion on the ultimate merits of Smith's claim, we do believe Smith stated a facially valid claim of ineffective assistance of counsel based upon his counsel's failure to move for dismissal of the charges against him. It appears that 41 days elapsed between the time of Smith's arrest and the time of his indictment; however, 18 U.S.C. Sec. 3162 requires that the charges against a defendant be dismissed where more than 30 days elapse following his arrest without an indictment being filed against him. United States v. Antonio, 705 F.2d 1483, 1486 (9th Cir.1983). Counsel's failure to move for dismissal prior to the entry of the guilty plea waived the right to dismissal of the charges. United States v. Little, 567 F.2d 346, 349 (8th Cir.1977), cert. denied, 435 U.S. 969 (1978). Based upon the record, if Smith can establish he was entitled to dismissal, then counsel's failure to move for dismissal may have prejudiced his defense. However, it is unclear whether Smith was entitled to dismissal under the Speedy Trial Act because under 18 U.S.C. Sec. 3161(h) certain periods are excludable from the computation of the speedy trial period. Consequently, the district court on remand should determine whether Smith was entitled to dismissal of the charges against him and, if so, whether this fact prejudiced his defense to the extent he was denied his right to effective assistance of counsel. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Strickland, 446 U.S. at 687.
 
 
 10
 Accordingly, the district court's judgment is hereby affirmed in all respects except as to Smith's claim that his counsel rendered ineffective assistance by failing to move for dismissal of the charges under the Speedy Trial Act, regarding which the judgment is vacated and the case remanded for further consideration. Rule 9(b)(5), Rules of the Sixth Circuit.