**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Gale Gordon FREY,**
**Defendant-Appellant.**

**No. 83–5150.**

United States Court of Appeals,
Ninth Circuit.

Argued March 19, 1984.

Submitted April 24, 1984.

Decided June 1, 1984.

Sharon K. McCaslin, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Roger R. Meadows, Ontario, Cal., for defendant-appellant.

Before WRIGHT, WALLACE, and KENNEDY, Circuit Judges.

WALLACE, Circuit Judge:

Frey appeals his conviction for conspiring to receive goods stolen from interstate commerce in violation of 18 U.S.C. § 659. He contends the government failed to bring him to trial within the seventy-day period provided for by the Speedy Trial Act, 18 U.S.C. §§ 3161–3174 (the Act). We have jurisdiction under 28 U.S.C. § 1291. We conclude that Frey was tried in violation of the Act, and reverse and remand.

I

A Maryland grand jury indicted Frey on June 2, 1981. His arraignment in the United States District Court for the District of Maryland on June 16 triggered the running of the seventy-day period within which the Act required the government to bring him to trial. 18 U.S.C. § 3161(c)(1). In calculating this seventy-day period, however, the Act allows the exclusion of certain delays that fall within narrowly defined exceptions. *See* 18 U.S.C. § 3161(h). Both Frey and the government agree that 123 days of excludable time resulted from Frey's successful efforts to have venue changed from Maryland to the Central District of California. *See* 18 U.S.C. § 3161(h)(1)(G) (delay resulting from transfer proceedings is excludable). Based on this conceded exclusion, the latest possible trial date consistent with the Act's seventy-day limit was December 26, 1981. Frey's trial began nine days later on January 6, 1982. Unfortunately, when the district judge set Frey's trial date, he relied on an Assistant United States Attorney's miscalculation of the time within which the Act would require trial.

In an earlier appeal by Frey, we concluded in an unpublished disposition that the evidence was sufficient to sustain the judgment. The calculation of a trial date under the Act, however, appeared to overstate the number of days excludable because of the transfer of Frey's case. The government argued that the "ends of justice" provision in section 3161(h)(8)(A) permitted exclusion of this additional time because Frey's attorney had rejected December 16, 1981 as a possible trial date due to a previously scheduled trial. We vacated Frey's conviction and remanded the case to the district court for consideration of the argument raised by the government. On remand, the district court found eleven days excludable under section 3161(h)(8)(A). Of this time, the district court attributed three days each to Frey's counsel and the government attorney because of their involvement in other previously scheduled trials. The district judge attributed the remaining five days to his own unavailability during attendance at a judicial conference. Because of the exclusion of these eleven additional days, the district court reinstated Frey's conviction.

## II

■ We limit our review of the factual finding that exclusion of the eleven days served the ends of justice to determining whether the finding is clearly erroneous. *United States v. Perez-Reveles*, 715 F.2d 1348, 1351 n. 2 (9th Cir.1983). However, we review de novo the legal standards applied by the district court in making its ends-of-justice determination. *Id.; United States v. Nance*, 666 F.2d 353, 356 (9th Cir.), *cert. denied*, 456 U.S. 918, 102 S.Ct. 1776, 72 L.Ed.2d 179 (1982).

We start with an analysis of the place of section 3161(h)(8)(A) in the scheme of the Act. The Act contains an extensive list of automatic exclusions for certain narrowly defined delays resulting from necessary pretrial proceedings, interlocutory appeals, and other similar causes. *See* 18 U.S.C. § 3161(h)(1)–(7). Additionally, in response to congressional concern that courts should have discretion to deal effectively with individual cases, *see* S.Rep. No. 1021, 93rd Cong., 2d Sess. 21 (1974) (Senate Report), the Act permits the district court to exclude delays granted when it finds that "the ends of justice ... outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Obviously, overuse of the broad discretion embodied in this section could undermine the strict time limits of the Act. *See United States v. Nance*, 666 F.2d at 355; *see also* Senate Report, *supra*, at 21 (ends of justice provision intended to "avoid the pitfalls of unnecessary rigidity on the one hand, and a loop-hole which would nullify the intent of the legislation on the other"). Congress recognized this possibility and the legislative history of the Act makes it clear that Congress intended that this exclusion be "rarely used." Senate Report, *supra*, at 41. To avoid abuses of section 3161(h)(8)(A), Congress required the district court to "set forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice [would be] served" by granting the excludable delay. *See* 18 U.S.C. § 3161(h)(8)(A); H.R. Rep. No. 1508, 93rd Cong., 2d Sess. 33, *reprinted in* 1974 U.S.Code Cong. & Ad.

News 7401, 7426 (reasons must be "set forth with particularity").

In the present case, however, neither side disputes that the district judge set Frey's trial date and, indeed, tried Frey without making any ends-of-justice findings. Only after Frey had succeeded in having his conviction vacated on appeal did the district judge make the findings required by section 3161(h)(8)(A). Although he made these findings on June 3, 1983, the district judge clearly intended them to be effective, *nunc pro tunc*, as of the time he set Frey's trial date.

■ The issue before us is whether the district court may, subsequent to its grant of a continuance, undertake for the first time to consider the factors and provide the findings required by section 3161(h)(8) to exclude time under the Act. We view such a practice as inconsistent with the language and policy of the Act. The section allows the exclusion of delays resulting from a continuance granted "*on the basis of* [the district judge's] findings" (emphasis added). The Act excludes such delays because the judge expressly determines, when granting the delays, that the ends of justice served outweigh the benefit to the public and the defendant of proceeding promptly to trial. *See* Senate Report, *supra*, at 39 (judge must make ends-of-justice findings before granting excludable delay). In this case, the district judge did not notice when he set the trial date that a violation of the Act would occur. He could not have granted the delay "based on" the required findings concerning the ends of justice, because he did not realize that he was granting a delay. In this instance, making the required findings *nunc pro tunc* as of the day the trial was set cannot bring Frey's case within section 3161(h)(8)(A).

Other decisions construing this section of the Act support our conclusion. *United States v. Carrasquillo*, 667 F.2d 382 (3d Cir.1981), is relevant. There, a deputy district court clerk attempted to accommodate the schedule of the defendant's attorney

and delayed setting a trial date until after the Act's seventy-day period had expired. The district judge first learned of the problem on the first day of trial when the defendant made a motion to dismiss for violation of the Act. The district judge then made retroactive ends-of-justice findings, excluding the period when defense counsel would have been unavailable. Faced with facts strikingly similar to those in the case before us, the Third Circuit reversed the district court:

> We believe that the period of delay involved in this case cannot fairly be said to be one "resulting from a continuance granted by" the district court, because the judge's characterization of the earlier action of the deputy clerk as constituting a continuance did not occur until after the statutory time limit had expired.

*Id.* at 386; *see also United States v. Brooks,* 697 F.2d 517, 522 (3d Cir.1982) ("[A] judge could not grant an 'ends of justice' continuance *nunc pro tunc,* providing after the fact justification for unauthorized delays. Rather ... the judge must consider the matter at the outset and determine whether the 'ends of justice' require that the trial be postponed."), *cert. denied,* 460 U.S. 1071, 103 S.Ct. 1526, 75 L.Ed.2d 949 (1983).

We also recently held in *United States v. Perez-Reveles* that, because the district court failed to make sufficient findings concerning the ends of justice, a delay caused by a continuance could not be excluded under the Act. 715 F.2d at 1352–53. The defendant's attorney had requested the granted continuance, but, significantly, this did not affect our holding. In light of this aspect of *Perez-Reveles,* the government's argument that Frey may have waived his rights under the Act by not objecting to the trial date set by the district judge is without merit.

The government contends that *United States v. Clifford,* 664 F.2d 1090, 1095 (8th Cir.1981), and *United States v. Edwards,* 627 F.2d 460, 461 (D.C.Cir.), *cert. denied,* 449 U.S. 872, 101 S.Ct. 211, 66 L.Ed.2d 92 (1980), support the practice of placing ends-of-justice findings in the record after the court has granted a continuance under section 3161(h)(8)(A). Neither *Clifford* nor *Edwards* supports the procedure used in Frey's case, however. In both *Clifford* and *Edwards,* the district judges granted continuances only after considering the proper ends-of-justice factors. The judges failed to enter their findings into the record at the time they granted the continuances, but the later record of their findings amply demonstrated that they had given the continuances the careful contemporaneous consideration required by the Act. *United States v. Clifford,* 664 F.2d at 1094–95; *United States v. Edwards,* 627 F.2d at 461; *see United States v. Brooks,* 697 F.2d at 522; *see also United States v. Bryant,* 726 F.2d 510, 511 (9th Cir.1984) ("[S]imultaneous findings [are] unnecessary so long as the trial court later shows that the delay was motivated by proper considerations."). In contrast, the *nunc pro tunc* findings made by the district court in the present case do not demonstrate that it originally based its delay in scheduling Frey's trial on any of the factors relevant to section 3161(h)(8)(A).

In light of our conclusion that the district court erred by making *nunc pro tunc* findings to accommodate its unwitting violation of the Act, we need not decide whether the three types of delays identified in the district court's findings are excludable under section 3161(h)(8)(A).

## III

■ Because the eleven days identified in the district court's findings are not excludable under section 3161(h)(8)(A), Frey was not brought to trial within the seventy-day period established by the Act. Thus, the district court should have granted Frey's motion to dismiss the indictment against him. *See* 18 U.S.C. § 3162(a)(2). The district judge may make the dismissal for noncompliance with the Act either with or without prejudice, in his discretion. *Id.; United States v. Perez-Reveles,* 715 F.2d at 1353. Section 3162(a)(2) requires that:

**354**

In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Act] and on the administration of justice.

If the district court decides to dismiss this case without prejudice, Frey may be retried following the filing of a new indictment; but the present judgment of conviction against him may not be reinstated. *See United States v. Perez-Reveles,* 715 F.2d at 1353.

REVERSED AND REMANDED.