UNITED STATES of America, Plaintiff–Appellee,

v.

Jose Luis AVILES–ALVAREZ, Defendant–Appellant.

No. 88–5001.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 2, 1988.

Decided March 1, 1989.

Carlton L. Harpst, Santa Ana, Cal., for defendant-appellant, Jose Luis Aviles–Alvarez.

Amalia L. Meza, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before FLETCHER, ALARCON and HALL, Circuit Judges.

ALARCON, Circuit Judge:

Jose Luis Aviles–Alvarez appeals from his conviction after a jury trial for importing heroin and possessing heroin with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 952, 960 and 963. Aviles–Alvarez contends that the district court should have dismissed the case against him because he was not brought to trial within 70 days as required by the Speedy Trial Act, 18 U.S.C. § 3161 et seq. We affirm because the district court's finding that an unresolved pretrial motion was pending on the date the request for dismissal was heard was not clearly erroneous.

I

On April 8, 1987, Aviles–Alvarez was charged in a two count indictment with importation of heroin and possession of heroin with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 952, 960 and 963.

On April 9, 1987, the case was assigned to Judge Brewster and continued until April 13, 1987. On April 13, 1987, the district court continued the case until May 11, 1987, for a motion hearing and trial setting. On April 27, 1987, Aviles–Alvarez filed motions (1) to suppress his statements, (2) to compel further discovery, and (3) to set a further motion hearing date.

At the May 11, 1987 hearing, the district court set the trial date on the issue of guilt for June 9, 1987. The district court denied Aviles–Alvarez's motion to suppress his statements. The request for a further motion date was withdrawn. The motion for discovery was granted in part. Hearing on the defense motion for further discovery

was continued until the date of trial, June 9, 1987. The district court signed a minute order finding excludable delay under the Speedy Trial Act due to Aviles–Alvarez's pretrial motions. The period of exclusion was from April 27, 1987, through the trial date, June 9, 1987.

The district court held a status conference on May 26, 1987. At the conference, defense counsel and the government requested a continuance of the trial until August 11, 1987, due to the unavailability of defense counsel and a prosecution witness. The district court continued the trial until August 11, 1987, holding there was excludable delay based on a finding that the ends of justice would be served.

On August 7, 1987, Joseph Milchen filed a motion for substitution of attorney to replace the Federal Defenders as Aviles–Alvarez's defense counsel. The district court granted the motion the same day. On August 7, 1987, the government and defense counsel also filed a stipulation to continue the trial date until September 29, 1987, to afford attorney Milchen adequate time to prepare for trial. The district court did not make a finding that a continuance for this purpose was excludable delay.

On September 25, 1987, a written stipulation was filed with the district court requesting that trial be continued until October 6, 1987, due to a government trial scheduling conflict. The district court granted the motion for a continuance. On September 29, 1987, the trial was again continued until October 14, 1987 pursuant to counsels' oral agreement to enable the prosecutor to complete an ongoing trial. The government filed a letter confirming the agreement. Thereafter, defense counsel requested that the court schedule a status conference on October 6, 1987.

During the October 6, 1987 status conference, defense counsel orally moved to dismiss the case for Speedy Trial Act violations. The district court denied the motion on alternate grounds: (1) the pending motion for discovery had tolled the running of the statute; (2) Aviles–Alvarez was estopped from raising Speedy Trial Act violations because he stipulated to the contin-

uances. Thereafter, during the October 6, 1987 proceeding, the motion for discovery was withdrawn. Trial was reset for October 14, 1987.

Trial on the issue of guilt began on October 14, 1987. On October 16, 1987, Aviles–Alvarez was convicted of importing heroin and possession of heroin with intent to distribute.

## II

Aviles–Alvarez contends that the Speedy Trial Act, 18 U.S.C. § 3161, was violated because he was not brought to trial within 70 days. Both parties agree that the clock began to run on April 9, 1987, when Aviles–Alvarez was arraigned. On April 27, 1987, Aviles–Alvarez filed motions to suppress his statements, for further discovery, and to set a further motion date. Both parties agree that the time that the motions were pending resulted in excludable delay under the Speedy Trial Act. The parties dispute the amount of time that the pretrial motions were pending.

Aviles–Alvarez concedes that the district court was correct in finding that the pendency of the motion for discovery resulted in excludable delay until the original date set for trial, June 9, 1987. He also concedes that the record supports the district court's finding that the May 26, 1987, joint motion for a continuance of the trial date until August 11, 1987, also resulted in excludable delay.

Aviles–Alvarez argues that 76 days of non-excludable time elapsed between his arraignment and October 6, 1987, the date of his motion to dismiss. He arrives at this computation by counting the days between April 9, 1987, and October 6, 1987, and excluding the time between April 27, 1987, and August 11, 1987.

At the October 6, 1987 hearing, the district court found that Aviles–Alvarez's motion for further discovery that had been scheduled for hearing on the original trial date was still pending. The district court concluded that the pendency of this motion resulted in excludable delay from June 9, 1987, until October 6, 1987. Prior to the

October 6, 1987 motion for a dismissal, the court clerk prepared minutes reflecting excludable delay, from June 9, 1987, until September 29, 1987, due to the pendency of a pretrial motion. In Judge Brewster's absence, Magistrate McKee signed the minutes and had them entered nunc pro tunc on October 1, 1987. Aviles–Alvarez claims that the entry of the nunc pro tunc order prepared by the clerk and signed by the court was an impermissible retroactive finding of excludable delay.

### III

■ We review the district court's factual findings regarding excludable delay for clear error. *United States v. Frey,* 735 F.2d 350, 352 (9th Cir.1984). We review independently the legal standards the district court used in making its excludable delay ruling. *Id.*

Aviles–Alvarez challenges the district court's finding that a pretrial motion was pending on the date he made his motion for a dismissal for violation of the Speedy Trial Act. He asserts that such a finding "forces a determination that the motion was continued by its own force to each successive hearing date, without any order of court."

The record indicates that Aviles–Alvarez made a motion for discovery of a chemist report and his criminal record at the pretrial hearing held on May 11, 1987. The district court stated in response to this request, "[u]ntil those matters are either produced or disclaimed by the government, we'll continue the motion on discovery." The chemist report was not produced by the government until the middle of September 1987 after defense counsel requested government counsel to produce it on September 4, 1987. As of October 6, 1987, however, government counsel had neither produced nor disclaimed the existence of a criminal record. Nothing had been presented to the district court as of October 6, 1987, reflecting that a hearing on Aviles–Alvarez's discovery motion was no longer required. The district court had not received a notice of withdrawal of the mo-

tion by defense counsel and there had been no disclaimer by the government.

■ The fact that the court clerk forgot to prepare minutes reflecting excludable delay resulting from the pendency of the discovery motion does not support Aviles–Alvarez's contention that it was no longer pending on October 6, 1987. *See United States v. Schuster,* 777 F.2d 264, 268 (5th Cir.) ("[t]hat the trial court inadvertently may have overlooked the continued pendency of the jury-related motion when it entered the ... order does not by some legal legerdemain evanesce that motion. It continued to pend until withdrawn or ruled on.") *vacated on other grounds, appeal dismissed,* 778 F.2d 1132 (5th Cir.1985). The nunc pro tunc order was entered on October 1, 1987, five days prior to the appellant's unnoticed motion to dismiss for Speedy Trial Act violations. The clerk of the court became aware that she forgot to prepare minutes reflecting excludable delay attributable to the pending discovery motion the last week in September when the docket clerk brought the error to her attention. Thereafter, she prepared the minutes which were signed by Magistrate McKee in Judge Brewster's absence. The nunc pro tunc finding of excludable delay entered on October 1, 1987 does not alter the undisputed fact that the discovery motion had not been withdrawn or ruled upon prior to October 6, 1987. Thus, the district court's finding that a discovery motion was pending on that date was not clearly erroneous.

### IV

The Speedy Trial Act, 18 U.S.C. § 3161, sets forth those trial delays which shall be excluded in computing the time within which a defendant's trial must commence. All trial delays are not treated the same under the Speedy Trial Act. The delays in Aviles–Alvarez's case were due both to pretrial motions and continuances of the trial on the guilt phase of the case. These two types of delays are treated differently under the Act.

■ The Speedy Trial Act section 3161(h)(1)(F) excludes from the 70 day cal-

culation, "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." Pretrial motion delay under section 3161(h)(1)(F) is automatically excluded. *Henderson v. United States,* 476 U.S. 321, 330, 106 S.Ct. 1871, 1876, 90 L.Ed.2d 299 (1986). The district court does not have to make findings or consider any factors. The delay due to a pretrial motion does not even have to be "reasonably necessary" to be excluded. *Id.*

■ In contrast, not all continuances of the guilt phase of a criminal proceeding result in excludable delay. The Speedy Trial Act explicitly spells out reasons for continuances which will not result in excludable delay. 18 U.S.C. § 3161(h)(8)(C). Furthermore, even those continuances which may result in excludable delay under the Act will not result in automatic exclusion from the 70 day trial commencement limit. 18 U.S.C. § 3161(h)(8)(A). Before a continuance will result in excludable delay under section 3161(h)(8)(A) the district court must consider a number of factors spelled out in the Act and must make findings. 18 U.S.C. § 3161(h)(8)(A) & (B). A continuance will result in excludable delay only if the continuance is based on the district court's findings "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(8)(A). Moreover, a continuance based on proper findings will not result in excludable delay "unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

■ In this matter, the district court granted a continuance of the trial date on August 7, 1987, pursuant to a written stip-

ulation of defense counsel and the government to allow new defense counsel adequate time to prepare for trial. Because the district court failed to make findings as required by section 3161(h)(8)(A), the delay caused by this continuance cannot be excluded under section 3161(h)(8)(A), even though it appears that this time would have been excludable under section 3161(h)(8)(B)(iv) [1] if findings had been made. As noted above, however, the district court in this matter did not treat the delay of the guilt phase of the trial occasioned by this continuance as excludable time to justify failure to comply with the 70 day requirement of the Speedy Trial Act.

Aviles–Alvarez contends that the nunc pro tunc minute entry concerning the pendency of the discovery motion cannot be used to support a finding of excludable delay under our decision in *Frey*. His reliance on *Frey* is misplaced. *Frey* is inapplicable to a delay caused by the pendency of a pretrial motion. Our analysis in *Frey* dealt with the necessity for findings to explain continuances of the guilt phase of the trial—not the pendency of a pretrial motion.

In *Frey* the district court was unaware, due to a miscalculation, that the granting of a continuance resulted in a trial date beyond the 70 day limit. Frey appealed claiming that his rights under the Speedy Trial Act were violated. We vacated and remanded, in an unpublished opinion, with directions that the district court consider the government's argument that the record reflected excludable delay. *Frey,* 735 F.2d at 351. On remand the district court found that continuances granted because the attorneys on both sides were involved in other trials, and the fact that the trial judge was unavailable for a period of time, resulted in excludable delay under section 3161(h)(8)(A). The defendant again appealed.

We held in *Frey* that the district court may not, subsequent to its grant of a con-

---

**1.** Section 3161(h)(8)(B)(iv) allows a district court to take into consideration the fact that a continuance is being requested to allow defense counsel "the reasonable time necessary for effective preparation, taking into account the ex-

ercise of due diligence," when the district court is deciding whether the granting of a continuance will serve the ends of justice under section 3161(h)(8)(A).

tinuance, undertake for the first time to consider the factors and provide the findings required by section 3161(h)(8)(A). We reasoned that under section 3161(h)(8)(A) the continuance must be based on the findings. Thus, the district court's findings cannot be made after the fact. We concluded that because the district court did not realize a continuance of the trial on the issue of guilt would result in a violation of the Speedy Trial Act, it could not have granted the continuance "based on" the required findings concerning the ends of justice. *Id.* at 352.

Because delay due to the pendency of a pretrial motion is automatically excluded under section 3161(h)(1)(F), the district court was not required to enter a minute order reflecting excludable delay due to the pending discovery motion. Therefore, the nunc pro tunc preparation of the minutes by the clerk has no bearing on the question of excludable delay in this matter.

As set forth above, Aviles–Alvarez made a motion for discovery on April 27, 1987. On May 11, 1987, he did not object to a continuance of the hearing on the motion until the date of trial. Aviles–Alvarez did not withdraw the motion nor did he ask the district court for a cutoff date within which the government was required to produce the requested documents. Accordingly, the pendency of the pretrial motion until October 6, 1987, resulted in excludable delay until that date under section 3161(h)(1)(F).

## CONCLUSION

This case demonstrates vividly that it is the responsibility of defense counsel, the government, and the district court to take affirmative steps to protect a defendant's right to a trial within 70 days pursuant to the Speedy Trial Act. If a continuance is necessary to further the interests of justice, the district court has a duty to make the findings required by section 3161(h)(8)(A) so that the reasons for the delay of the guilt phase of a trial can be reviewed. If the district court fails to do so *sua sponte*, and the government fails to request findings, section 3161(h)(8)(A) precludes excluding delay caused by a continuance of the trial date, however justified. A defense counsel who wishes to protect his client's right to a trial within 70 days should request that all pretrial motions be completed, or that the government be compelled to comply with discovery orders, before the statutory time for trial on the issue of guilt has run its course.

Because we find that the trial court did not commit clear error in finding that the discovery motion was pending until October 6, 1987, automatically resulting in excludable delay until that date, we do not reach the question whether the doctrine of equitable estoppel is applicable under the Speedy Trial Act.

AFFIRMED.