**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Sheryl L. ENGSTROM, Defendant–**
**Appellant.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Keith T. ENGSTROM, Defendant–**
**Appellant.**

Nos. 92–30401, 93–30010.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 1, 1993.

Decided Oct. 22, 1993.

As Amended Nov. 23, 1993.

William A. Cohan, Cohan & Greene, Encinitas, CA, for defendants-appellants.

Gregory Victor Davis, Tax Div., Dept. of Justice, Washington, DC, for plaintiff-appellee.

Before: WALLACE, Chief Judge, WRIGHT and NOONAN, Circuit Judges.

WALLACE, Chief Judge:

Keith Engstrom appeals from a judgment, following a jury verdict, convicting him of five counts of willful failure to file tax returns in violation of 26 U.S.C. § 7203, one count of filing a false Form W–4 in violation of 26 U.S.C. § 7205, and two counts of submitting false claims to the United States in violation of 18 U.S.C. § 287. Sheryl Engstrom, who was tried with her husband, appeals from a judgment of guilt on two counts of willful failure to file tax returns in violation of 26 U.S.C. § 7203 and one count of filing a false Form W–4 in violation of 26 U.S.C. § 7205. The Engstroms contend that the government failed to bring them to trial within the 70–day period provided for by the Speedy Trial Act, 18 U.S.C. §§ 3161–3174 (Act). The district court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We conclude that the Engstroms were tried in violation of the Act and therefore reverse the judgment and remand for the district court to dismiss the indictment.

## I

Prior to their first trial, the Engstroms asked for early release of the jury panel list for purposes of making a request pursuant to 26 U.S.C. § 6103(h)(5). Section 6103(h)(5) provides that the Internal Revenue Service

(IRS) must provide information regarding "whether an individual who is a prospective juror in such proceeding has or has not been the subject of any audit or other tax investigation by the Internal Revenue Service." The court continued the trial to accommodate the Engstroms' request. On the morning of trial, the Engstroms were provided information on the potential jurors for the current year plus a few preceding years. The district court denied their requested audit information dating back further.

A jury convicted them and the Engstroms appealed. In an unpublished disposition, we reversed their convictions because the district court erred in denying the Engstroms' motion for a continuance in order to obtain information on whether any of the potential jurors had been the subject of an audit or other tax investigation by the IRS. 927 F.2d 611. Our mandate issued on April 16, and was entered in the record of the district court on April 20, 1992.

On May 19, 1992, Judge Zilly set the second trial to commence on June 22. The parties agree that this would have been three days before expiration of the Act deadline. He ordered the clerk to provide the government with a list of 50 prospective jurors. At the government's request, he increased the number of potential jurors to 75 and ordered the government to advise the IRS that the audit information had to be available by June 12, 1992.

On May 21, Judge Zilly transferred the case to Judge Tanner. The docket sheet shows that on this same day, the trial was ordered to commence on July 13, 1992, over two weeks after the Act deadline. The Engstroms alleged in their motion, without contradiction, that on June 5 counsel for the government contacted their attorney and informed him that the district court had told her that it had trial conflicts and wanted reasons on the record for continuing the Engstroms' trial date from June 22 to July 13, 1992, and wanted one of the parties to move for a continuance. Government counsel stated she was willing to file the requested motion and wanted to know if the Engstroms would object. She also disclosed that the IRS was having difficulty obtaining the

juror information in time for a June 22, 1992, trial date.

On June 11, the government moved to continue the trial in order to enable the IRS to have sufficient time to process the Engstroms' request for juror information. On June 15, Judge Tanner granted the motion for a continuance and scheduled trial to commence on July 13, 1992. In a June 15 order, the district court stated that

> [t]he time from the date of this Order until July 13, 1992, is excludable on grounds that the failure to grant such a continuance would unreasonably deny counsel for the defendant the reasonable time necessary for effective preparation, 18 U.S.C. § 3161(h)(8)(B)(iv), and may result in a miscarriage of justice in light of [*United States v.*] *Hashimoto,* [878 F.2d 1126, 1133–34 (9th Cir.1989)], and *United States v. Sinigaglio,* 942 F.2d 581, 583 (9th Cir. 1991). All delay resulting from this continuance is excludable delay on the basis that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A).

On June 17, the Engstroms filed a motion in opposition to the government's motion to continue the trial. Subsequently, on July 7, the Engstroms moved for dismissal of the indictment with prejudice. The district court denied the motion to dismiss.

## II

We review de novo the legal standards applied by the district court in making its ends-of-justice determination. *United States v. Frey,* 735 F.2d 350, 352 (9th Cir. 1984) (*Frey*). We review for clear error the district court's factual findings under the Act. *Id.*

The Act mandates that a defendant be retried "within seventy days from the date the action occasioning the retrial becomes final." 18 U.S.C. § 3161(e). Here, the 70-day period provided by the Act began to run on April 16, 1992, upon the issuance of our mandate. Barring application of an exception under section 3161(h), the trial should have begun no later than June 25, 1992.

The district court may exclude from the 70–day calculation delay caused by a continuance ordered by the judge sua sponte or upon motion of either party "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). No exclusion is allowed "unless the court sets forth in the record of the case, either orally or in writing, its reasons." *Id.* This requirement protects against abuses of section 3161(h)(8)(A). *Frey,* 735 F.2d at 352. As we have observed, "Congress intended that the ends of justice continuance be rarely used." *United States v. Perez–Reveles,* 715 F.2d 1348, 1351 (9th Cir.1983) (internal citation and quotation omitted).

Section 3161(h)(8)(B) enumerates inquiries which a judge must consider in determining whether to continue the trial, including whether lack of a continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv). The district court based its decision to continue the trial on this provision, stating in its order that "failure to grant such a continuance would unreasonably deny counsel for the defendant the reasonable time necessary for effective preparation, 18 U.S.C. § 3161(h)(8)(B)(iv), and may result in a miscarriage of justice."

The Engstroms contend that the reasons stated by the court are merely pretextual and that the court granted the continuance because of its congested docket. As stated by the Sixth Circuit, "the reasons stated must be the actual reasons that motivated the court at the time the continuance was granted." *United States v. Crawford,* 982 F.2d 199, 204 (6th Cir.1993) (*Crawford*). We addressed a similar situation in *Frey.*

In *Frey,* the district court set Frey's trial date based on an erroneous calculation by the Assistant United States Attorney. On appeal, we remanded the case to consider the government's contention that the "ends of justice" permitted additional time before commencing trial because Frey had rejected

a proposed earlier trial date due to his attorney's trial conflict. On remand, the district court excluded 11 additional days based on the government's and defense counsel's involvement in other trials and because of the judge's unavailability due to a judicial conference. The district court had set Frey's trial date and tried Frey without making any ends-of-justice findings. The district judge made the required findings only after Frey's conviction was vacated on appeal.

We held that since the district judge did not notice at the time he set the trial date that a violation of the Act would occur, "[h]e could not have granted the delay 'based on' the required findings concerning the ends of justice, because he did not realize that he was granting a delay." *Frey,* 735 F.2d at 352. We reasoned that the findings promote an express balancing of the benefit to the public and defendant from a continuance with the costs imposed. *See id.* While we observed that "[s]imultaneous findings [are] unnecessary so long as the trial court later shows that the delay was motivated by proper considerations," *id.* at 353, *quoting United States v. Bryant,* 726 F.2d 510, 511 (9th Cir.1984), we held that the *nunc pro tunc* findings failed to "demonstrate that it originally based its delay in scheduling Frey's trial on any of the factors relevant to section 3161(h)(8)(A)." *Id.; see also United States v. Jordan,* 915 F.2d 563, 566 (9th Cir.1990) (observing that "[w]e have held that a court may not subsequent to the grant of a continuance, undertake for the first time to consider the factors and provide the findings required by section 3161(h)(8)(A)" (internal citation and quotation omitted); *Crawford,* 982 F.2d at 204 ("the court is allowed to state the reasoning later ... but the reasons stated must be the actual reasons that motivated the court at the time the continuance was granted"); *cf. United States v. Lewis,* 980 F.2d 555, 560–61 (9th Cir.1992).

The timing of events in the instant case raises the same problem. The record indicates that Judge Tanner ordered that the trial commence on July 13, 1992, immediately upon transfer of the case to him by Judge Zilly on May 21. While a motion to continue a trial may be granted sua sponte, no reason

was stated for the continuance at that time. In a June 15 order, filed in response to the government's June 11 motion for a continuance, Judge Tanner provided reasons for granting the continuance. While the stated reasons respond to the government's motion, Judge Tanner had ordered the trial to commence on July 13, *before* the government moved for a continuance.

 To the extent that the Engstroms are correct in their assertion that the district court continued the trial date to accommodate its own calendar, the trial court erred. Section 3161(h)(8)(C) clearly forbids granting continuances because of "general congestion of the court's calendar." The subsequent order fails to change the result. An order was entered continuing the trial to a date beyond the Act deadline. No reasons were given. As the order was entered upon transfer of the case to Judge Tanner, there is no indication he was aware of the deadline. Being alerted by the subsequent government motion does not inform us what reasons he had at the time of the continuance. Therefore, this case is governed by *Frey*, and we must reverse. We need not reach the different contention by the Engstroms that the subsequent reasons stated were pretextual.

### III

██ Because the delay was not excludable under section 3161(h)(8)(A), the Engstroms were not brought to trial within the 70–day period required by the Act. Thus, the district court should have granted the Engstroms' motion to dismiss. *See* 18 U.S.C. § 3162(a)(2); *United States v. Taylor*, 487 U.S. 326, 332, 108 S.Ct. 2413, 2417, 101 L.Ed.2d 297 (1988) (sanction for a speedy trial violation is dismissal). The district court may dismiss the indictment with or without prejudice, at the court's discretion. *Frey*, 735 F.2d at 353.

Section 3162(a)(2) enumerates factors which must be considered in determining whether to dismiss with or without prejudice:

[i]n determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the

offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

We remand to the district court to determine whether the dismissal should be with or without prejudice.

**REVERSED AND REMANDED.**