110 F.3d 71
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raul LOPEZ-MESA, aka Raul Lopez, aka: Paul Lopez-Mesa,
Defendant-Appellant.
 No. 96-55698.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 27, 1997.
 
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Raul Lopez-Mesa appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction and sentence for conspiracy to distribute cocaine. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255. We review de novo the denial of a section 2255 motion, see United States v. McMullen, 98 F.3d 1155, 1156-57 (9th Cir.1996), and we affirm.
 
 
 3
 Lopez-Mesa first contends his conviction violates the Double Jeopardy Clause because it followed the prior unchallenged administrative forfeiture of his property under 18 U.S.C. § 881 and 19 U.S.C. § 1609. This claim lacks merit because civil forfeitures do not constitute "punishment" for double jeopardy purposes. See United States v. Ursery, 116 S.Ct. 2135, 2149 (1996) (reversing United States v. $405,089.23, 33 F.3d 1210 (9th Cir.1994)).[1]
 
 
 4
 Second, Lopez-Mesa maintains his rights under the Speedy Trial Act ("STA"), 18 U.S.C. §§ 3161-74, were violated because trial did not start within seventy days of his first appearance on the indictment. This contention lacks merit.
 
 
 5
 Under the STA, trial must generally commence within seventy days of the defendant's first appearance on the indictment. See 18 U.S.C. § 3161(c)(1). Automatically excluded from this seventy-day period, however, are delays "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on ... such motion." Id. at § 3161(h)(1)(F); see United States v. Aviles-Alvarez, 868 F.2d 1108, 1112 (9th Cir.1989). Exclusions of time granted under the STA "apply to all co-defendants in a case." United States v. Duque, 62 F.3d 1146, 1149 (9th Cir.1995), cert. denied, 117 S.Ct. 74 (1996).
 
 
 6
 Our review of the record indicates that one hundred and one days elapsed between Lopez-Mesa's April 10, 1989 appearance on the indictment and the July 20, 1989 start of trial. Excluded from this period, however, are the sixty-nine days from May 9 until July 17 resulting from a co-defendant's motion to suppress. See 18 U.S.C. § 3161(h)(1)(F); Aviles-Alvarez, 868 F.2d at 1112; see also Duque, 62 F.3d at 1149. When these sixty-nine days are excluded from the one-hundred-and-one day delay, only thirty-two days are counted towards the period set forth in section 3161(c)(1). Consequently, Lopez-Mesa has not established an STA violation.
 
 
 7
 Next, Lopez-Mesa contends his STA rights were violated because he was not resentenced within seventy days of the issuance of our prior opinion vacating his sentence. This contention must fail because even if the STA imposed such a requirement, the record reflects that Lopez-Mesa was resentenced within seventy days of our issuance of the mandate. Cf. United States v. Engstrom, 7 F.3d 1423, 1425 (9th Cir.1993) (recognizing that for purposes of retrial following appeal, STA clock begins to run when court of appeals issues mandate).
 
 
 8
 Finally, Lopez-Mesa contends his trial and appellate counsel were ineffective in not pursuing his STA claims. Because Lopez-Mesa has not established an STA violation, he has not shown he was prejudiced by any omission of his attorneys. See Strickland v. Washington, 466 U.S. 668, 687, 697 (1984); United States v. Palomba, 31 F.3d 1456, 1460 (9th Cir.1994).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent Lopez-Mesa contends his due process rights were violated because the government did not promptly finalize the forfeiture of his property, we decline to reach this claim because it was not raised in the district court. See United States v. Birtle, 792 F.2d 846, 858 (9th Cir.1986)