127 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John R. CAPOSIENO, Defendant-Appellant.
 No. 97-15227.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
Decided Oct. 24, 1997.
 
 Appeal from the United States District Court for the District of Arizona Earl H. Carroll, District Judge, Presiding
 Before THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John R. Caposieno, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction and sentence following a jury trial for three counts of mail fraud (18 U.S.C. § 1341) and two counts of interstate transportation of stolen property (18 U.S.C. § 2134). We review de novo a district court's denial of a section 2255 motion See Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Caposieno contends that his trial and appellate counsel were ineffective for failing to raise Speedy Trial Act (STA) objections. These contentions lack merit.
 
 
 4
 We review de novo a district court's determination that trial counsel rendered effective assistance. See United States v. Span, 75 F.3d 1383, 1387 (9th Cir.1996). To prevail on a claim of ineffective assistance, a defendant must show both that his counsel's performance was deficient and that this prejudiced his case. See Strickland v. Washington, 466 U.S. 668, 688 (1984). "If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong." Id. at 697.
 
 
 5
 Caposieno first argues that trial and appellate counsel were ineffective for failing to object that the superseding indictment was improperly returned more than 30 days from the date of his arrest. This argument lacks merit because the superceding indictment did not materially alter the original indictment and the original indictment was filed within the 30-day period. See United States v. McCown, 711 F.2d 1441, 1447 (9th Cir.1983) (no STA violation where count charged beyond 30-day period in second indictment had been timely charged in first indictment). Accordingly, Caposieno's attorneys were not ineffective for failing to challenge the timeliness of the superceding indictment. See Strickland v. Washington, 466 U.S. at 688.
 
 
 6
 Nor were Caposieno's attorneys ineffective for failing to argue that Caposieno was not tried within 70 days of the indictment or his arraignment. Although Caposieno was not tried until a year after his arraignment on January 11, 1983, the delay was due to seven continuances requested by Caposieno in order to prepare for trial. Excluding the time period attributable to those continuances, the trial commenced within 70 days of arraignment. See 18 U.S.C. § 3161(h)(8)(A) (1985) (district court may exclude from the 70-day calculation any delay resulting from a continuance if based on finding that the ends of justice served by taking such action)
 
 
 7
 Caposieno does not allege that the continuances were unnecessary for the adequate preparation of his case.[1] Nevertheless, Caposieno maintains that his counsel was ineffective for failing to move to dismiss the indictment on the grounds that the court failed to make the requisite "ends of justice" analysis with regard to those continuances. However, in its orders granting the continuances, the district court concluded that the "ends of justice" were served by granting the defendant's motion and that the "best interests of the public and the defendant are outweighed" by the continuances. See 18 U.S.C. § 3161(h)(8)(A) (1985). The court also noted that the continuances were granted "[p]ursuant to defendant's motion;" each motion submitted by defense counsel contained the facts justifying the need for the continuance. To the extent the court erred by failing to state the relevant facts in its order, an objection by trial counsel would have merely resulted in the court curing any defect with appropriate findings on the record. See United States v. Engstrom, 7 F.3d 1423, 1426 (9th Cir.1993) (noting that simultaneous findings concerning ends of justice unnecessary as long as trial court later shows the delay was motivated by proper considerations). Accordingly, Caposieno's attorneys were not ineffective for failing to raise STA objections. See Strickland, 466 U.S. at 688).
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 To the extent Caposieno suggests that counsel should have moved to dismiss the indictment because three of his continuance requests did not qualify as excludable time under the STA criteria, his contention lacks merit. After obtaining the continuances on behalf of his client, counsel could not have reasonably been expected to then subsequently seek to have the indictment dismissed on the grounds that the continuances should not have been granted. See gen. United States v. Lewis, 980 F.2d 555, 562 (where defendant's actions contribute to need for an "ends of justice" continuance under the STA, defendant cannot complain that a continuance violates his or her speedy trial rights)
 
 
 [2]
 Caposieno's motion to file a late reply brief is denied