UNITED STATES of America,
Plaintiff—Appellee,

v.

Ubaldo RENTERIA, Defendant—
Appellant.

No. 02–50016.
D.C. No. CR–01–01511–K.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 2002.

Decided Jan. 28, 2003.

Before HUG, BRUNETTI and
O'SCANNLAIN, Circuit Judges.

MEMORANDUM *

Appellant Ubaldo Renteria ("Renteria") appeals his conviction and sentence for importing a controlled substance in violation of 21 U.S.C. §§ 952, 960 and possessing a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291. Renteria raises four issues on appeal. Because each of Renteria's arguments fails, we affirm.

1. Speedy Trial Act

Renteria first argues that the district court erred in failing to dismiss the indictment for a violation of the Speedy Trial Act. "A district court's application of the Speedy Trial Act is reviewed de novo."

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*United States v. Nelson,* 137 F.3d 1094, 1108 (9th Cir.1998). "The court's factual findings under the Speedy Trial Act are reviewed for clear error." *Id.*

The Speedy Trial Act ("Act"), 18 U.S.C. §§ 3161–3174, states that where "a plea of not guilty is entered, the trial ... shall commence within seventy days from the filing date ... of the ... indictment...." 18 U.S.C. § 3161(c)(1). Section 3161(h)(1) of the Act allows for the exclusion of certain periods of time in computing the 70–day limit, including "[a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to– ... (F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." *Id.* § 3161(h)(1)(F); *see United States v. Springer,* 51 F.3d 861, 865 (9th Cir.1995). The day of the indictment is not included in computing the 70 days. *United States v. Antoine,* 906 F.2d 1379, 1380 (9th Cir.1990). Similarly, § 3161(h)(1) allows for the exclusion of the day of the defendant's post-indictment arraignment. *United States v. Haiges,* 688 F.2d 1273, 1274–75 (9th Cir.1982).

Assuming arguendo that the district court correctly calculated that the Speedy Trial Act clock would hit 70 days on August 26, 2001 absent any tolling from the August 23, 2001 motions, Renteria does not prevail on this issue because the Government's August 23, 2001 motions did in fact toll the clock.

▆ Rule 47.1(b)(1) of the Local Criminal Rules for the United States District Court for the Southern District of California states,

> The original of all motions, including exhibits attached thereto, on behalf of any defendant, or on behalf of any moving party *except the United States,* shall be accompanied with two (2) conformed copies, one for the court's use and one for transmittal to the United States attorney by the clerk, and filed with the clerk, and filed with the clerk [sic] at least 14 days prior to the date for which the motion is noticed *unless the court, for good cause and by order only, shortens such time.* The noticed hearing date and time shall appear on the cover page of each motion, and any opposition, in the space opposite the caption, below the file number.

S.D. Cal.Crim. R. 47.1 (emphasis added). Although Rule 47.1, by its plain meaning, does not appear to apply to the Government, Renteria points out that the district court doubted this interpretation and that the Government agreed that it was bound by the rule. Yet even assuming the rule does apply to the Government, it does not benefit Renteria. The district court made a finding that the putatively late August 23, 2001 motions were not filed in bad faith (i.e., the Government did not file them late in order to defeat the Speedy Trial Act), and the district court accepted the motions as filed. Under these circumstances, the district court had discretion to permit the August 23, 2001 filing under Local Criminal Rule 47.1 ("unless the court, for good cause and by order only, shortens such time"), as well as Local Criminal Rule 1.1(d) ("A judge may on application, in any case for the convenience of the parties in interest, or in the interest of justice, waive the applicability of these rules.").

Renteria argues that, assuming the Speedy Trial clock's 70th day would be August 26, 2001, the district court, two days later on August 28, 2001, could not have permitted, post-hoc, the filing of the Government's motions on August 23, 2001. Renteria relies on our decision in *United States v. Frey,* 735 F.2d 350, 352 (9th Cir.1984) (holding district court's post-hoc "ends of justice" findings for continuance

under § 3161(h)(8)(A) and attempt to apply findings nunc pro tunc to time of granting such continuance violated Speedy Trial Act). *Frey* is readily distinguishable. *See United States v. Aviles–Alvarez*, 868 F.2d 1108, 1112 (9th Cir.1989) ("*Frey* is inapplicable to a delay caused by the pendency of a pretrial motion."). *Frey* involved § 3161(h)(8)(A), which excludes time for a continuance granted to serve the "ends of justice." To prevent abuse of this catchall, the section requires the district court to make findings on the record. § 3161(h)(8)(A); *Frey*, 735 F.2d at 352. We held in *Frey* that the district court could not make these findings post-hoc, and nunc pro tunc to the date the continuance was granted, because at the time the district court granted the continuance, it was unaware that the Speedy Trial Act deadline would be exceeded. *Frey*, 735 F.2d at 352. The district court's grant of the motion could not actually have been based on a need to serve the "ends of justice." *Id.* In the present case, by contrast, the district court merely permitted a filing, effective nunc pro tunc to the date the Government's motion was *actually received* by the clerk, and this filing *automatically* tolled the clock. *See Aviles–Alvarez*, 868 F.2d at 1112 ("Pretrial motion delay under section 3161(h)(1)(F) is automatically excluded.").

Renteria next argues that under *United States v. Clymer*, 25 F.3d 824 (9th Cir. 1994), § 3161(h)(1)(F) only applies where trial delay actually results from the pendency of a motion. But in *Clymer*, the motion at issue had been continued until *after the trial date*. *Clymer*, 25 F.3d at 830. Clymer has been limited to situations where the district court continues a motion until after trial, because in such a case it cannot be said that the delay results from the motion. *United States v. Springer*, 51 F.3d 861, 865 (9th Cir.1995); *see also United States v. Gorman*, 314 F.3d 1105

(9th Cir.2002). Such was not the case for Renteria.

The motions at issue were validly filed and tolling commenced on August 23, 2001. This tolling continued through the hearing date of August 27, 2001, and then all the way through the trial date of October 2, 2001 while additional motions were still pending. No Speedy Trial Act violation occurred.

2. Grand Jury Instructions

In Renteria's second issue, he argues that certain grand jury instructions violated the Fifth Amendment. The denial of a motion to dismiss an indictment is reviewed de novo. *United States v. Haynes*, 216 F.3d 789, 796 (9th Cir.2000). A facially valid indictment returned by a grand jury is sufficient to require a defendant to stand trial, provided that the grand jury was legally constituted and unbiased. *Costello v. United States*, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956).

Renteria asserts that the grand jury's independence was unconstitutionally compromised when the district court instructed it that it "should … indict" upon a finding of probable cause. Renteria also challenges the district court's comments to the grand jury that the Government attorneys could be expected to act with "candor, honesty, and good faith" and that certain cases come to a grand jury after a magistrate's finding of probable cause. Renteria's arguments are foreclosed by our recent decision in *United States v. Marcucci*, 299 F.3d 1156 (9th Cir.2002). *Marcucci* rejected a Fifth Amendment challenge to grand jury instructions that was materially the same as the challenge asserted by Renteria. *Id.* at 1159–65.

3. Facial Challenge to Drug Statutes

Renteria argues that 21 U.S.C. § 960 and 21 U.S.C. § 841(a) are facially uncon-

stitutional after *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The interpretation of a statute is reviewed de novo. *United States v. Hunter,* 101 F.3d 82, 84 (9th Cir.1996). A challenge to the constitutionality of a statute is also reviewed de novo. *United States v. Serang,* 156 F.3d 910, 913 (9th Cir.1998).

Renteria concedes, as he must, that this Court has already resolved these issues against his favor. *United States v. Buckland,* 289 F.3d 558, 564 (9th Cir.2002) (en banc) (upholding 21 U.S.C. § 841(a)), *cert. denied,* — U.S. ——, 122 S.Ct. 2314, 152 L.Ed.2d 1067; *United States v. Mendoza–Paz,* 286 F.3d 1104, 1107 (9th Cir.2002) (upholding 21 U.S.C. § 960), *cert. denied,* — U.S. ——, 123 S.Ct. 573, 154 L.Ed.2d 459. Renteria argues that the Supreme Court's decision in *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), overrules this Court's decisions in *Buckland* and *Mendoza–Paz.* As we have recently held, however, *Buckland* and *Mendoza–Paz* survive *Harris. United States v. Hernandez,* 314 F.3d 430 (9th Cir.2002).

### 4. Drug Type and Quantity

Renteria's final argument runs as follows: If § 960 and § 841 are constitutional, then drug type and quantity are elements of the offense, and mens rea must be included in the indictment and proved to the jury beyond a reasonable doubt. Renteria asserts that the indictment did not allege mens rea as to drug type and amount and is therefore deficient. We review the sufficiency of an indictment de novo. *United States v. Neill,* 166 F.3d 943, 947 (9th Cir.1999).

As a preliminary matter, we note that the indictment did in fact allege drug type (marijuana) and quantity (41.55 kilograms) in each of the two counts. At any rate,

Renteria's argument is foreclosed by our decision in *United States v. Carranza,* 289 F.3d 634, 644 (9th Cir.2002), *cert. denied,* — U.S. ——, 123 S.Ct. 572, 154 L.Ed.2d 458.

For the reasons stated above, Renteria's conviction and sentence are affirmed. The Government's "Motion to File Supplemental Brief for Appellee United States" is denied.

AFFIRMED.