**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Sean GILMORE, Defendant–Appellant.**

No. 03–30444.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 4, 2004.*

Decided Aug. 12, 2004.

C. Ed Laws, Esq., Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Jack E. Sands, Esq., Billings, MT, for Defendant–Appellant.

Before: HALL, KLEINFELD, and CALLAHAN, Circuit Judges.

MEMORANDUM **

The Speedy Trial Act does not require dismissal because it includes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."[1] Exclusion is without regard to the type of motion filed, including routine, unopposed motions,[2] and without regard to whether the motion necessitates delay.[3] Excluding the time

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 18 U.S.C. § 3161(h)(1)(F).

when motions were pending, the trial began within 70 days.

The district court did not abuse it discretion in denying the motion for mistrial, because the court's admonition adequately cured the witness's non-responsive and inappropriate remark.[4]

The district court did not abuse its discretion in admitting the tapes, because they were adequately authenticated by the agent and the co-worker.[5] Thus, there was sufficient evidence to support the denial of the motion for directed verdict.

AFFIRMED

---

2. *United States v. Daychild*, 357 F.3d 1082, 1095 (9th Cir.2004).

3. *See id.*

4. *United States v. Aviles–Alvarez*, 868 F.2d 1108, 1112 (9th Cir.1989).

