**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50306 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00918-BEN-3 |
| v. | |
| JEFFREY SPANIER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted October 22, 2015
Pasadena, California

Before: RAWLINSON and NGUYEN, Circuit Judges and PONSOR,[**] Senior
District Judge.

Appellant Jeffrey Spanier (Spanier) challenges the district court's denial of

his motion to dismiss.  Spanier contends that the district court violated the Speedy

Trial Act.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Michael A. Ponsor, Senior District Judge for the U.S.
District Court for Massachusetts, sitting by designation.

In criminal cases where a mistrial has been declared, the Speedy Trial Act contemplates that "the [new] trial shall commence within seventy days from the date that the action occasioning the retrial becomes final. . . ." 18 U.S.C. § 3161(e). It is undisputed that the speedy trial clock began running on May 31, 2013, when the district court declared a mistrial. *See United States v. Pitner*, 307 F.3d 1178, 1182 n.3 (9th Cir. 2002). There is also no dispute that the district court set Spanier's retrial date for more than 70 days after the mistrial. The question before this Court is whether the district court erroneously set the retrial date outside the 70-day period, or instead properly granted several "ends of justice" continuances due to the "complexity" of the case, thereby tolling the speedy trial clock. 18 U.S.C. § 3161(h)(7). A review of the contemporaneous record reveals that, at the time continuances were granted, the district court did not make the requisite "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act is not crystal clear on when a district court must place its findings on the record. We have held that it is permissible for a court to grant ends of justice continuances for case complexity and subsequently set forth sufficient facts to support its finding. *See United States v. Bryant*, 726 F.2d 510,

511 (9th Cir. 1984). However, it is impermissible for a district court to set a trial date outside the prescribed speedy trial period and subsequently perform the requisite balancing test for the first time. *See United States v. Frey*, 735 F.2d 350, 351-53 (9th Cir. 1984). A "district court err[s] by making *nunc pro tunc* findings to accommodate its unwitting violation of the Act[,]" and dismissal of an indictment is required. *See id.* at 353. The district court in this case initially relied on the government to set a retrial date in September, a date outside the 70-day period. There was no discussion at that time or at any of the subsequent proceedings about an ends of justice continuance.

The district court's explanation in denying Spanier's motion to dismiss, that the continuances were granted due to case complexity was, unfortunately, insufficient. *See United States v. Jordan*, 915 F.2d 563 (9th Cir. 1990) (rejecting reliance on earlier ends of justice order). "[E]nds of justice" continuances must "be specifically limited in time and [contain] findings supported by the record to justify each 'ends of justice' continuance." *Id*. at 565.

Similarly, the court's proffered justification that the continuances were granted due to counsel's need for time to prepare is belied by the record. While the need for extra time to prepare is an appropriate factor to consider, the court was required to:

conduct an appropriate inquiry to determine whether the
. . . parties actually want and need a continuance, how
long a delay is actually required, what adjustments can be
made with respect to the trial calendars or other plans of
counsel, and whether granting the requested continuance
would outweigh the best interest of the public and the
defendant in a speedy trial.

*United States v. Lloyd*, 125 F.3d 1263, 1269 (9th Cir. 1997) (citation, alteration, and internal quotation marks omitted). The district court did not conduct an inquiry as *Lloyd* requires. Rather, the court acknowledged that it "assumed" Spanier's counsel needed time to prepare because he did not object to the delays. Regrettably, the district court's practice in this case of retroactively characterizing a continuance to justify a violation of the Speedy Trial Act was "inconsistent with the language and policy of the Act." *Frey*, 735 F.2d at 352.

Speedy Trial Act violations require dismissal of a defendant's indictment. *See* 18 U.S.C. § 3162(a)(2). It is our normal practice to remand and allow the presiding judge to determine whether the operative indictment should be dismissed with prejudice. *See Lloyd*, 125 F.3d at 1271. However, reassignment in this case is necessary to "maintain the appearance of justice." *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1045 (9th Cir. 2015). Given the district court's stated views on this circuit's Speedy Trial Act precedent, "the appearance of fairness warrants the exercise of independent judgment with respect to the selection of the

remedy. . . ." *Lloyd*, 125 F.3d at 1271. We therefore remand for the assignment of a different judge solely to make the dismissal determination. Any further proceedings may be handled by the district court judge who presided over the first two trials. *See id.*

Although we grant relief on Spanier's Speedy Trial Act challenge, we reject his challenge to the district court's jury instructions. The district court acted well within its discretion in using the model jury instructions, and Spanier has cited no persuasive authority holding otherwise. *See United States v. Stapleton*, 293 F.3d 1111, 1119 (9th Cir. 2002) (affirming mail and wire fraud conviction where instructions "substantially mirror[ed]" the Ninth Circuit Manual of Model Jury Instructions).

**AFFIRMED IN PART; INDICTMENT DISMISSED, and CASE REMANDED WITH INSTRUCTIONS TO REASSIGN FOR LIMITED PURPOSE OF DETERMINING WHETHER DISMISSAL IS WITH OR WITHOUT PREJUDICE.**