**UNITED STATES of America**

v.

**Peggy L. MAXWELL**

**No. CR. 01–10446–MLW.**

United States District Court,
D. Massachusetts.

Dec. 24, 2002.

---

Bernard Grossberg, Boston, MA, Barry S. Pollack, Donnelly, Conroy & Gelharr, LLC, Boston, MA, for Eduardo G. McIntosh.

Barry S. Pollack, Donnelly, Conroy & Gelharr, LLC, Boston, MA, for Peggy L. Maxwell.

Owen S. Walker, Federal Defender's Office, Boston, MA, for Calvin Deason.

Adam J. Bookbinder, United States Attorney's Office, Boston, MA, for U.S.

## MEMORANDUM AND ORDER

WOLF, District Judge.

## I. SUMMARY

On December 6, 2001, the grand jury returned a sealed indictment charging Peggy Maxwell, Eduardo McIntosh and Calvin DeAson with conspiracy and several counts of mail and wire fraud. Almost eleven months later, on November 4, 2002, Maxwell filed a motion to dismiss the indictment for a violation of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* (the "STA"). The STA provides for a seventy-day period in which trial is to commence that begins at the later of one of three events. *See* 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded from the seventy-day period. *See id.* § 3161(h). After receiving briefing on Maxwell's motion from both Maxwell and the government, the court heard oral argument on December 11, 2002. For the reasons described below, the court concludes that all of the time through the present is excluded from the seventy-day period. Therefore, Maxwell's Motion to Dismiss is being denied.

## II. FACTS

Maxwell and McIntosh were arraigned on January 4, 2002, but did not enter not guilty pleas until January 14, 2002. On March 5, 2002, Maxwell filed a motion to sever her trial from that of the other two defendants. DeAson was arraigned on March 6, 2002. The Magistrate Judge issued a final status report as to Maxwell on March 7, 2002. She did not issue a final status report as to McIntosh and DeAson until October 1, 2002. The same day, I issued a notice that I would hold a change of plea hearing for McIntosh and a scheduling conference for the other two defendants on November 1, 2002. Usually, I do not schedule proceedings in a criminal case until the Magistrate Judge issues a final status report for every defendant who has

made an initial appearance. This practice generally serves the efficient administration of justice. I do, however, depart from this practice in appropriate cases, particularly if a request that I take some action is directed to me.

The November 1, 2002 scheduling conference was held in conjunction with scheduling conferences for two other cases, *United States v. John J. Meada III,* No. 02–CR–10038–MLW and *United States v. Stephen Tingas and Penny Tofte,* No. 02–CR–10121–MLW. In all three cases, I had determined that hearings were required for one or more pending motions. By bringing counsel for all three cases in at one time, I had hoped to adopt schedules for motion hearings and, ultimately, trials that were feasible for counsel as well as for me.

During the November 1, 2002 status conference, I indicated that my Courtroom Deputy and the Magistrate Judge both agreed that there were seventy days remaining for trial under the STA.[1] I inquired of counsel for Maxwell as to whether she was asserting that an STA violation had occurred because some of the filings indicated that there might be a dispute as to whether certain periods of time were excludable for STA purposes. Counsel for Maxwell stated that he believed that the seventy-day period had expired as to Maxwell. I, therefore, ordered Maxwell to file a motion to dismiss and supporting memorandum.

At the status conference, I stated that a hearing was necessary to decide Maxwell's motion to sever. Later that day, Maxwell withdrew that motion. McIntosh had

plead guilty on November 1, 2002 and, therefore, one of the bases for the motion to sever had become moot. This evolution of events is one example of the value of my usual practice of addressing issues raised by co-defendants in tandem, when it is legally permitted to do so, because the disposition of one issue often affects the merits of others.

Also on November 1, 2002, the government and DeAson filed a motion to continue a hearing that I had scheduled for November 6, 2002. On November 4, 2002, several additional motions were filed. DeAson filed a motion to continue the trial date. DeAson and the government filed a joint motion to continue the trial date. Maxwell filed a motion to dismiss under the STA.

III. ANALYSIS

█ The seventy-day period in which trial must commence under the STA begins on "the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). For Maxwell, the period began on January 5, 2002; for DeAson, the period began on March 7, 2002. *See United States v. Barnes,* 159 F.3d 4, 10 (1st Cir.1998) (holding that "speedy trial clock began to accrue ... the day after [the defendant's] first appearance before a magistrate judge in the District of Massachusetts"). The period between January 5, 2002 and March 7, 2002 is excludable as to Maxwell because her co-defendant DeAson had not yet been arraigned. *See United States v.*

---

1. It is my practice to have the Courtroom Deputy perform independent STA calculations. Although the Magistrate Judges in this District calculate the time remaining correctly in almost all cases, in rare instances their calculation appears to be incorrect. The

Courtroom Deputy's independent calculation provides an additional protection against inadvertent STA violations. This court takes the STA very seriously and believes that the extra time spent in performing a second calculation is well-spent.

*Barnes,* 251 F.3d 251, 258–59 (1st Cir.2001) (citing cases from the Second and Seventh Circuits for the proposition that "the STA clock begins to run anew on the date of the last codefendant's arraignment"); *United States v. Calle,* 120 F.3d 43, 46 (5th Cir. 1997) (noting that parties did not dispute that "clock did not begin to run until ... the latest co-defendant ... made his initial appearance in court.").

■ The period from March 5, 2002 until November 1, 2002 is excludable under 18 U.S.C. § 3161(h)(1)(F) as Maxwell's Motion to Sever was pending during this period. This section provides for exclusion of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."

Maxwell argues that "[t]olling of the speedy trial calculation for a hearing on a motion (beyond the 30–day advisement period) should not commence until the 'Court decides whether to hold a hearing.'" Def.'s Memo. at 6 (quoting *United States v. Briscoe,* 839 F.Supp. 31, 34 n. 4 (D.D.C. 1993)). Maxwell notes that: (1) she did not request oral argument on her motion to sever; and (2) on September 19, 2002 the Magistrate Judge endorsed an Order drafted by Maxwell's counsel stating "that no determination had been made [by the Magistrate Judge] that a hearing on the motion to sever was reasonably necessary." Def.'s Memo. at 6. Maxwell also cites *United States v. Johnson,* 29 F.3d 940, 945 (5th Cir.1994) for the proposition that if a hearing is contemplated, but no hearing is held, at most 30 days are excludable under the STA.

The government argues that "no other court, within that district or elsewhere, has ever cited [*United States v. Briscoe*], let alone the relevant language in footnote 4." Govt.'s Opp. at 6. Citing several cases, the government points out that "[t]he First

Circuit has never held that a District Court cannot exclude more than 30 days unless the Court has already scheduled the motion hearing." *Id.* at 7.

In her reply, Maxwell argues that I retroactively determined that a hearing was necessary. Def.'s Reply at 3. Maxwell distinguishes two First Circuit cases in which the defendant requested a hearing and notes the First Circuit's warning in *United States v. Staula,* 80 F.3d 596, 602 n. 3 (1st Cir.1996) that "we will not permit either the district court or the prosecution to jerry-build a 'hearing' in order to thwart the concinnous operation of the Speedy Trial Act."

Maxwell's argument that a period is excludable under 18 U.S.C. § 3161(h)(1)(F) only after a court has scheduled a hearing is incorrect. Maxwell's proposed interpretation of the statute would effectively require that the court make an on the record determination that a hearing is necessary. When Congress enacted the portion of the STA dealing with excludable time, it specifically required an on the record finding for continuances in 18 U.S.C. § 3161(h)(8)(A). No similar requirement exists for determinations related to hearings in 18 U.S.C. § 3161(h)(1)(F). Consequently, such a requirement should not be read into the statute. *See United States v. Grosz,* 76 F.3d 1318, 1325 (5th Cir.1996) (comparing subsections (h)(1)(F) and (h)(1)(J) to section h(8) and finding that "the language of Subsection F does not impose a requirement that the court formally set a motion for hearing."); *cf. Henderson v. United States,* 476 U.S. 321, 326–27, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986) (interpreting subsection (F) not to have a reasonableness requirement because Congress placed such a requirement in 18 U.S.C. § 3161(h)(7) but not in sections (1)-(6)). The language of the footnote in *Briscoe* does not compel a contrary

conclusion. In addition to adding to the text of the statute, the rule advocated by Maxwell would contradict the intent of Congress to make subsection (F) an extremely broad provision. *See Henderson*, 476 U.S. at 327–28, 106 S.Ct. 1871 (acknowledging Congressional intent that subsection (F) be interpreted broadly with any limitations coming from circuit or district court rules rather than the statute itself).

I recognize that a court is not entitled to schedule an unnecessary hearing in order to avoid a finding that the STA has been violated. *See Staula*, 80 F.3d at 602 n. 3; *Grosz*, 76 F.3d at 1325 n. 7. This has not, however, occurred in the instant case. Following my usual practice in multi-defendant cases, I did not decide any pending motions until the Magistrate Judge had completed her work concerning all of the defendants before her. Maxwell had not requested any variance from this practice or an expedited ruling on her Motion to Sever.

Once the Magistrate Judge issued a final status report as to the other two defendants, I promptly set a date for a scheduling conference so that the hearing on Maxwell's motion that I deemed necessary could be scheduled. While preparing for this status conference and reviewing the Magistrate Judge's Orders, I discerned that Maxwell might raise an STA claim. I did not, however, decide that a hearing on her Motion to Sever was necessary in order to defeat Maxwell's STA claim. Rather, I had determined that a hearing was necessary before learning that there was an STA claim to "defeat".

The Magistrate Judge's endorsement of the Order drafted by Maxwell's counsel that no finding had yet been made that a hearing was reasonably necessary is essentially irrelevant to the STA analysis. It was my responsibility to decide if a hearing was necessary as I was the judicial officer who would decide the motion.

I understand that it is within my discretion whether to hear argument on a motion. *See United States v. Salimonu*, 182 F.3d 63, 68 (1st Cir.1999) ("[T]he district court is in a better position to determine the necessity of a hearing than we are, and although the delay was significant, we are loath to question the court's judgment in this area absent obvious subterfuge."). In this case, Maxwell's Motion for Severance was accompanied by a sixteen-page memorandum to which three exhibits were appended. The government filed a thirteen-page opposition. When the cases cited by the parties were printed, the stack of paper was over two inches high. As I told counsel for Maxwell at the November 1, 2002 status conference, Maxwell's motion was skillfully written and "if it [did not] raise issues that deserve an oral argument, you've fooled me."

The government notes that Maxwell could, but did not, argue that an exclusion under subsection (F) is improper because no hearing actually occurred. *See* Govt.'s Opp. at 7. However, the plain language of the statute could support such a rule and there are cases that indicate that "the crucial question concerning the exclusion[ ] provided by Subsection F . . . is whether the court actually holds a hearing on a motion." *Grosz*, 76 F.3d at 1325. Nevertheless, I do not interpret the statute to require a hearing in the circumstances of this case where the hearing was not held only because the defendant withdrew the motion at issue. Otherwise, defendants could manipulate the system to manufacture violations of the STA. As the government argues, "such a rule would be patently unfair and would allow the defendant to sandbag the government and the Court." Govt.'s Opp. at 7.

*United States v. Aviles–Alvarez*, 868 F.2d 1108 (9th Cir.1989), is consistent with this conclusion. In *Aviles–Alvarez*, the Ninth Circuit affirmed the district court's decision that no Speedy Trial Act violation occurred because a pretrial motion was still pending on the day that the defendant moved for a dismissal and the STA clock was, therefore, tolled under 18 U.S.C. § 3161(h)(1)(F).[2] Aviles–Alvarez filed a motion to compel discovery on April 27, 1987. *Id.* at 1109. At a previously scheduled hearing on May 11, 1987 the court granted the motion in part and a hearing on the remainder of the motion was continued until the date of trial, June 9, 1987. *Id.* at 1109–10. Trial was continued several times. *Id.* at 1110. On October 6, 1987, the court held a status conference. *Id.* During the conference, defense counsel moved to dismiss on STA grounds. *Id.* The trial judge denied the motion to dismiss as the motion for discovery was still pending. *Id.* "Thereafter, during the October 6, 1987 proceeding, the motion for discovery was withdrawn." *Id.* Despite the fact that no hearing was ultimately held on the remainder of the defendant's motion for further discovery, the Ninth Circuit upheld the denial of the motion to dismiss on the grounds that the STA clock was tolled under 18 U.S.C. § 3161(h)(1)(F). *Id.* at 1113.

As delays properly attributable to one defendant are excludable against all defendants, the period between November 1, 2002 and November 4, 2002 is excludable because of the motion filed by the government and DeAson on November 1, 2002. *See United States v. Rush*, 738 F.2d 497, 503–04 (1st Cir.1984). The period from November 4, 2002 until December 11, 2002 is excludable as to Maxwell because her Motion to Dismiss was pending and the

hearing that motion required was held on December 11, 2002. *See United States v. Brown*, 736 F.2d 807, 809–10 (1st Cir. 1984). The period from December 11, 2002 to the present is excludable as to Maxwell because the court had taken her motion under advisement and less than thirty days have elapsed. *See* 18 U.S.C. § 3161(h)(1)(J).

Since the time at issue is excludable due to the pendency of Maxwell's Motion to Sever, I am not deciding the issue of whether it is also excludable under 18 U.S.C. § 3161(h)(8).

## IV. ORDER

For the foregoing reasons, Maxwell's Motion to Dismiss (Docket No. 79) is hereby DENIED.

---

**2.** The appeals court reviewed the district court's finding that the motion was still pending for clear error, but reviewed the legal standards used *de novo*.